HAYNES, APPELLEE, *v.* ZOOLOGICAL SOCIETY OF CINCINNATI, APPELLANT.

[Cite as *Haynes v. Zoological Soc. of Cincinnati*
(1995), 73 Ohio St.3d 254.]

(No. 94–405—Submitted March 8, 1995—Decided July 28, 1995.)

256

_Helmer, Lugbill, Martins & Neff Co., L.P.A., James B. Helmer, Jr., Ann Lugbill_ and _Amy Wottowa Larson,_ for appellee.

_Taft, Stettinius & Hollister, William K. Engeman, W. Stuart Dornette_ and _Doreen Canton,_ for appellant.

_Spater, Gittes, Schulte & Kolman_ and _Frederick M. Gittes;_ and _Louis A. Jacobs,_ urging affirmance for _amicus curiae,_ Ohio Employment Lawyers Association.

_Kenneth S. Resnick,_ urging reversal for _amicus curiae,_ General Electric Company.

_Dinsmore & Shohl, Neal D. Baker_ and _Susan J. Luken,_ urging reversal for _amicus curiae,_ Ohio Manufacturers' Association and the Ohio Chamber of Commerce.

WRIGHT, J. The issues certified to this court are "whether R.C. 4113.52 is the exclusive remedy for whistleblowers and whether R.C. 4113.52 preempts the formation of a _Greeley v. Miami Valley Maintenance [Contrs., Inc.]_ (1990), 49 Ohio St.3d 228, 551 N.E.2d 981, public-policy exception to the employment-at-will doctrine within the specific context of whistleblowing."

We are unable to reach the certified questions in this case for the simple reason that those questions were improperly certified. We say this because Haynes is a member of a union and not an employee at will. Thus, she cannot bring a _Greeley_ cause of action. See _Greeley, supra,_ paragraph two of the syllabus. The fact that she cannot bring a _Greeley_ cause of action, of course, makes moot the question of whether R.C. 4113.52 provides the exclusive remedy for whistleblowers.

In _Greeley,_ an employer allegedly had fired an at-will employee solely because of a court-ordered child support wage assignment of the employee's wages. Pursuant to R.C. 3113.213(D), which prohibits an employer from using an order to withhold personal earnings as a basis for discharging an employee, the employee sued the employer for his wrongful discharge. Stressing that R.C. 3113.213(D) merely imposes a modest fine against an employer who violates the statute and fails to provide a remedy for the aggrieved employee, this court held that the employee stated a cause of action in tort for wrongful discharge. _Id.,_ 49 Ohio St.3d. at 233, 235, 551 N.E.2d at 986, 987. We reasoned that the absence of

a civil remedy for violations of R.C. 3113.213(D) would frustrate the policy and purposes of child support enforcement and that it was "our job to enforce, not frustrate, that policy." *Id.* at 233–234, 551 N.E.2d at 986. Within this context, we held that "[p]ublic policy warrants an exception to the employment-at-will doctrine when an employee is discharged or disciplined for a reason which is prohibited by statute." *Id.*, paragraph one of the syllabus.

*Greeley* provides an exception to the *employment-at-will* doctrine. Thus, as stated above, in order for an employee to bring a cause of action pursuant to *Greeley, supra,* that employee must have been an employee at will. The identifying characteristic of an employment-at-will relationship is that either the employer or the employee may terminate the employment relationship for any reason which is not contrary to law. *Mers v. Dispatch Printing Co.* (1985), 19 Ohio St.3d 100, 19 OBR 261, 483 N.E.2d 150; *Boggs v. Avon Products, Inc.* (1990), 56 Ohio App.3d 67, 564 N.E.2d 1128. Haynes clearly does not qualify as an employee at will. As a member of a union, the terms of her employment relationship were governed by a collective bargaining agreement. That agreement specifically limited the power of the zoo to terminate Haynes and, as a result, took her outside the context of employment at will. Because she was not an employee at will, she is outside the class of employees for whom *Greeley* provides protection.

For the foregoing reasons, we reverse the judgment of the court of appeals with respect to the *Greeley* claim and enter judgment in favor of the zoo with respect to that claim.

*Cause dismissed.*

MOYER, C.J., DOUGLAS, YOUNG, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.
JOHN C. YOUNG, J., of the Tenth Appellate District, sitting for RESNICK, J.