**William G. BOOLS, Plaintiff,**

v.

**GENERAL ELECTRIC COMPANY, Defendant.**

No. C-1-98-541.

United States District Court, S.D. Ohio, Western Division.

Sept. 16, 1999.

William C Hicks, Freking & Betz, Cincinnati, OH, for William G Bools, plaintiff.

Matthew W Lampe, Jones Day Reavis & Pogue, Columbus, OH, for General Electric Co, defendant.

## ORDER

SPIEGEL, Senior District Judge.

This matter is before the Court on Defendant's Motion for Partial Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure 12(c) (doc. 4); Memorandum in Opposition to Defendant's Motion to Dismiss Counts III and IV of Plaintiff's Complaint (doc. 5); and Defendant's Reply (doc. 7).

## BACKGROUND

Plaintiff William G. Bools brought this action in the Hamilton County Court of Common Pleas on June 30, 1998 to allege state-law age discrimination, retaliation, and public policy tort claims against Defendant General Electric Company. Asserting diversity of citizenship under Title 28 U.S.C. § 1332, Defendant removed the

action to this Court on July 28, 1998 pursuant to Title 28 U.S.C. §§ 1441 and 1446.

Plaintiff, an employee of Defendant General Electric until his termination in 1993, alleges that he "applied for numerous available positions" with Defendant after his termination. In his Complaint, Plaintiff contends that Defendant violated Ohio Rev.Code §§ 4112.02 and 4112.99 as well as Ohio public policy when Defendant allegedly "failed to hire [him] on the basis of age" and "retaliated against [him] because he opposed unlawful discrimination by retaining counsel, filing an administrative charge, and filing a lawsuit" (doc. 1).

In the instant matter, Defendant moves pursuant to Federal Rule of Civil Procedure 12(c) for partial judgment on the pleadings, arguing that Plaintiff's public policy claims are "legally flawed and duplicative" (doc. 4). Plaintiff opposes the motion.

## STANDARD OF REVIEW

This matter is before the Court on a Rule 12(c) motion for judgment on the pleadings. Rule 12(c) provides, in pertinent part, that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). Judgment may be granted under Rule 12(c) if a court determines that a moving party is entitled to judgment as a matter of law. *Astor v. International Bus. Machs. Corp.*, 7 F.3d 533, 538 (6th Cir. 1993). In reaching this determination, a court must accept as true all well-pleaded allegations in the pleadings of the opposing party. *James v. Upper Arlington City Sch. Dist.*, 987 F.Supp. 1017, 1020 (S.D.Ohio 1997); *see also Astor*, 7 F.3d at 538 (quoting *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir.1991)).

## DISCUSSION

In a motion for partial judgment on the pleadings, Defendant argues that Plaintiff's public policy tort claims are fundamentally defective because (1) Ohio's public policy exception to employment-at-will applies only to decisions to terminate affecting existing at-will employees; and (2) the common law claims improperly duplicate his statutory age discrimination and retaliation claims. Therefore, Defendant contends, it is entitled to judgment in its favor on Plaintiff's public policy tort claims.

According to Defendant, the exception to the employment-at-will doctrine established by the Ohio Supreme Court in *Greeley v. Miami Valley Maintenance Contractors, Inc.*, 49 Ohio St.3d 228, 234, 551 N.E.2d 981, 986 (1990), applies only to existing at-will employees who assert causes of action for wrongful discharge in violation of public policy. The holding of *Greeley*, Defendant contends, cannot be broadened to encompass hiring decisions. In support of its contention that an existing at-will employment relationship is a necessary prerequisite to a public policy claim under *Greeley*, Defendant cites *Haynes v. Zoological Soc'y of Cincinnati*, 73 Ohio St.3d 254, 257–58, 652 N.E.2d 948, 950–51 (1995). The Ohio Supreme Court held in *Haynes* that the plaintiff, who was an employee subject to a collective bargaining agreement, was "outside the class of employees for whom *Greeley* provides protection" because she was not an employee-at-will. *Id.*, 73 Ohio St.3d at 258, 652 N.E.2d at 951. Defendant asserts that Plaintiff also falls outside the class for whom *Greeley* provides protection because Plaintiff is a former employee.

However, Plaintiff argues that Defendant's reliance on *Haynes* is inapposite. Plaintiff asserts that the holding of *Haynes* turned on the fact that a collective bargaining agreement precluded an at-will relationship between the employee and employer in *Haynes*. *See id.*, 73 Ohio St.3d at 257, 652 N.E.2d at 950. Plaintiff noted that the Ohio Supreme Court found in *Haynes* that "[t]he identifying characteristic of an employment-at-will relation-

ship is that either the employer or the employee may terminate the employment relationship for any reasons which is not contrary to law." *Id.*, 73 Ohio St.3d at 258, 652 N.E.2d at 951. Plaintiff contends that the same characteristic exists in this case since Defendant, as the employer, could refuse to hire a former employee such as Plaintiff for any reasons not contrary to law.

Moreover, Plaintiff asserts that the broader purpose of Ohio's public policy tort would be undermined if employers could discriminate or retaliate against former employees for reasons that are prohibited by common, constitutional, or statutory law. In support of his proposition that both existing employees and former employees may assert public policy tort claims, Plaintiff analogizes this case to *Robinson v. Shell Oil Co.*, 519 U.S. 337, 345–46, 117 S.Ct. 843, 136 L.Ed.2d 808 (1997), a case in which the Supreme Court held that the protections of Title VII, 42 U.S.C. § 2000e *et seq.*, extend to former employees despite the statutory language referencing only employees. In *Robinson*, the U.S. Supreme Court found persuasive the petitioner's argument that a failure to include former employees within the scope of Title VII "would effectively vitiate much of the protection afforded by [Title VIII]." *Id.*, 519 U.S. at 345, 117 S.Ct. 843. Likewise, Plaintiff argues that the restriction of Ohio's public policy tort to existing at-will employees in this case would allow "employers the unfettered right to retaliate against former employees despite clear public policies to the contrary" (doc. 5).

Nonetheless, in its Reply, Defendant counters that *Robinson* addresses only the interpretation of Title VII statutory language and cannot be used here to expand an exception to the doctrine of employment-at-will in Ohio. *See id.*, 519 U.S. at 345, 117 S.Ct. 843. Defendant also contends that Plaintiff fails to distinguish *Haynes,* and Defendant reiterates its belief that the core holding of *Haynes* prevents anyone except an existing employee-

at-will from asserting a public policy tort. Furthermore, Defendant avers that "Ohio does not recognize a public policy tort for wrongful refusal to hire, and Plaintiff has offered no authority to support such an expansion of this judicially-created exception to the doctrine of employment-at-will" (doc. 7). Accordingly, Defendant insists that any extension of the public policy tort outside of a wrongful termination action by a federal court would be improper. *See Evans v. Toys R Us–Ohio, Inc.*, 32 F.Supp.2d 974, 990 (S.D.Ohio 1999) (stating that "this Court refuses to expand Ohio law to include a failure to promote as an actionable underlying claim for tortious violation of public policy").

While this Court recognizes Plaintiff's argument that the public policy against age discrimination and retaliation would be furthered by a claim in tort for wrongful hiring decisions or retaliation, we decline to extend the scope of Ohio's exception to the doctrine of employment-at-will. As a federal court sitting in diversity, this Court must apply the substantive law of Ohio as interpreted by the Ohio Supreme Court. *See Erie R.R. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *see also Hanover Ins. Co. v. American Eng'g Co.*, 105 F.3d 306, 313 (6th Cir.1997) (noting that federal courts have "a duty to correctly apply state substantive law"). If the Ohio Supreme Court has not addressed a particular issue, we must ascertain the applicable state law based on all available data. *In re Akron–Cleveland Auto Rental, Inc.*, 921 F.2d 659, 662 (6th Cir.1990). Nonetheless, we are "not free to engraft" modifications onto state laws even if we would consider those modifications to be an improvement. *Day & Zimmermann, Inc. v. Challoner,* 423 U.S. 3, 4, 96 S.Ct. 167, 46 L.Ed.2d 3 (1975); *accord Bailey v. V. & O Press Co., Inc.*, 770 F.2d 601, 605 (6th Cir.1985).

In recent decisions involving wrongful termination claims, this Court has found that Ohio law recognizes a public policy claim for wrongful termination based on

age and gender discrimination. *See generally Schutte v. United Dairy Farmers, Inc.*, No. C–1–97–850 (S.D.Ohio Mar. 17, 1998) (Spiegel, J.) (holding that a plaintiff asserting age discrimination could simultaneously seek statutory and public policy tort remedies); *Rogers v. AK Steel Corp.*, No. C–1–96–987 (S.D.Ohio Apr. 16, 1998) (Beckwith, J.) (allowing a plaintiff to amend his complaint to include a public policy tort claim based on age discrimination); *Smith v. Glaxo Wellcome, Inc.*, No. C–1–96–540 (S.D.Ohio June 11, 1998) (Dlott, J.) (recognizing a public policy claim for wrongful discharge based on age and gender discrimination); *Schoenberger v. The Andrew Jergens Co.*, No C–1–97–781 (S.D.Ohio Sept. 15, 1998) (Dlott, J.) (allowing a plaintiff to maintain both statutory and public policy claims in an age and gender discrimination lawsuit).

■ However, our review of Ohio law finds no case extending the public policy tort to claims involving a wrongful failure to hire or retaliation. *See also Evans*, 32 F.Supp.2d at 990. Thus, we must determine how the Ohio Supreme Court would rule if faced with a plaintiff alleging a wrongful failure to hire or retaliation claim. In discerning how the Ohio Supreme Court would rule, this Court may look to decisions of Ohio's appellate courts. *In re Akron–Cleveland Auto Rental*, 921 F.2d at 662.

Our research indicates that Ohio appellate courts seem hesitant about expanding the exception the doctrine of employment-at-will beyond claims for wrongful termination. A recent concurrence by an Ohio appellate judge addressed an argument made by a plaintiff who claimed he was denied employment by a public employer because of his father's union activities, noting that "a hiring situation goes far beyond the exception to Ohio's employee-at-will doctrine which has been established for terminations." *Murdock v. Village of Ottawa Hills*, No. L–99–1017, 1999 WL 699502 (Ohio App. 6 Dist., Sept. 10, 1999). Another appellate court refused to extend the doctrine to claims for sexual harassment. *Bell v. Cuyahoga Community College*, No. 73245, 1998 WL 474179, at *4 (Ohio App. 8 Dist., Aug. 13, 1998).

Based on the apparent reluctance of Ohio courts to expand the exception to the doctrine of employment-at-will beyond wrongful termination claims, this Court holds that Plaintiff's public policy tort claims must fail as a matter of law. Furthermore, because this Court finds that Defendant is entitled to partial judgment on the pleadings based on our holding that Plaintiff cannot bring a public policy claim under Ohio law for a wrongful failure to hire or retaliation, we will not address the alternative grounds proffered by Defendant in support of its motion.

### CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Defendant's Motion for Partial Judgment on the Pleadings and DISMISSES Counts III and IV of Plaintiff's Complaint.

SO ORDERED.