Plaintiff-appellant Thomas Kulak appeals from the decision of the trial court granting the motion to dismiss filed by defendant-appellee Mail-Well Envelope Co.[1]
In the complaint filed by the appellant on December 8, 1998, he states that he was continuously employed by the appellee from February 20, 1979 until January 9, 1998. At the time of his termination, the appellant held the position of Class AA Machinist. The appellant alleges that the circumstances surrounding his termination violated public policy. Specifically, in count one at paragraph 5 of the complaint, the appellant stated:
 Mail Well terminated Kulak in violation of the clear public policy of the State of Ohio. Mail Well terminated Kulak for past and present activities relating to the collective bargaining rights of Mail Well employees. In particular Mail Well terminated Kulak for circulating a petition among fellow workers which petition advocated a position relating to the collective bargaining rights of Mail Well employees with which Mail Well disagreed. As a direct and proximate result of Mail Well's termination of Kulak in violation of the clear public policy of the State of Ohio, Kulak has sustained economic loss, mental pain and suffering and humiliation.
On March 12, 1999, the appellee filed a motion to dismiss or in the alternative for summary judgment. The appellee moved under Civ.R. 12(B)(1) for a dismissal based upon the theory that the appellant's claims are preempted under the National Labor Relations Act. San Diego Bldg. Trades Council v. Garmon (1959),359 U.S. 236. In the alternative, the appellee asserted that the appellant's claims should be dismissed as a matter of law since, as a union member, the appellant was not an employee-at-will, which would, of course, vitiate his public policy allegation. Haynes v.Zoological Soc. of Cincinnati (1995), 73 Ohio St.3d 254.
Attached as Exhibit A to the motion to dismiss is a form titled Charge Against Employer. The charge, filed with the National Labor Relations Board (NLRB), lists Mail-Well as the employer and it is signed by the appellant. Section h states:
 The above named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and (3) of the National Labor Relations Act, and these unfair labor practices are unfair practices affecting commerce within the meaning of the Act.
In section 2, the basis of the charge is described as:
 On or about January 6, 1998, it, by its officers, agents, and representatives, threatened Thomas Kulak, suspended him on January 7, 1998, and subsequently terminated him on January 9, 1998, because of his membership and activities in behalf of the International Association of Machinists and Aerospace Workers, AFL-CIO, District 54, a labor organization, and at all times since such date it has refused and does now refuse to employ the above-named employee.
 By the acts set forth in the paragraphs above and by other acts and conduct, it, by its officers, agents, and representatives, has interfered with, restrained and coerced and is interfering with, restraining, and coercing its employees in the exercise of their rights guaranteed in Section 7 of the said Act.
Attached as Exhibit B to the motion to dismiss is a copy of the ruling by the acting regional director of the NLRB which states in pertinent part:
 The above-captioned cases charging violations under Section 8 of the National Labor Relations Act, as amended, have been carefully investigated and considered, and it appears that further proceedings are not warranted at this time.
 As a result of the investigation, it appears there is insufficient evidence of a violation of the Act. I am, therefore, refusing to issue complaint in these matters.
On April 5, 1999, the appellant filed his response and asserted that the basis of the appellee's motion was Civ.R. 12(B)(6) and that, under the doctrine of notice pleading, the complaint was sufficient. The appellant argued that when deeming all of the facts in the complaint as true and when considering those facts in his favor, he has sufficiently set forth a public policy exception to the employment-at-will doctrine. The appellant stated that neither the doctrine of preemption nor the fact that he is a member of a union require dismissal of this suit.
On April 12, 1999, the appellee filed a reply brief instanter.
On June 10, 1999, the court denied the appellee's motion to dismiss or in the alternative for summary judgment. The court issued new dates and ordered the parties to supplement their respective briefs.
On June 11, 1999, a pretrial was held at which both parties were present. Subsequently, on June 23, 1999, the appellee filed a motion for reconsideration. This motion reasserted the appellee's position that the claim for wrongful discharge should be dismissed for lack of subject matter jurisdiction. The appellant filed no response.
On August 19, 1999, the trial court dismissed the action for lack of subject matter jurisdiction. It is from this order that the appellant files this appeal.
The appellant sets forth one assignment of error:
 THE TRIAL COURT ERRED IN DISMISSING THIS CASE FOR LACK OF SUBJECT MATTER JURISDICTION. THE JUDICIAL EXPANSION OF THE PUBLIC POLICY TORT IN OHIO EXTENDS THAT CONCEPT TO CASES WHERE EMPLOYEES ARE COVERED BY A COLLECTIVE BARGAINING AGREEMENT.
The appellant asserts that he has properly stated a public policy exception to the employment-at-will doctrine and that, because no interpretation of the collective bargaining contract is needed to assess the appellee's motive in terminating him from his employment, the preemption doctrine does not mandate a dismissal of this action. The appellee argues that the court properly dismissed the action for lack of subject matter jurisdiction because the subject of the complaint is regulated and preempted under the National Labor Relations Act (NLRA), 29 U.S.C. § 157, 158(a)(1)(3). In the alternative, the appellee asserts that dismissal is required because the appellant is a member of the collective bargaining unit and not an employee-at-will.
Turning first to the procedural history of this case, the record reveals that the appellee originally filed a motion to dismiss or in the alternative motion for summary judgment. At one point the court attempted to convert the motion to dismiss into a motion for summary judgment by ordering the parties to supplement their motion/response to the motion. However, neither party submitted supplementary documentation, rather, the court accepted a motion for reconsideration from the appellee. The trial court issued its final order on the basis of Civ.R. 12(B)(1) only. Thus, this court will not consider the fact that there was an attempt to convert the motion to dismiss into a motion for summary judgment.
This court notes that in Nemazee v. Mt. Sinai Med. Ctr.
(1990), 56 Ohio St.3d 109, at footnote 3, the Supreme Court found that a trial court has authority to consider any pertinent evidentiary materials when determining its own jurisdiction. SeeSouthgate Development Corp. v. Columbia Gas Transmission Corp.
(1976), 48 Ohio St.2d 211, paragraph one of the syllabus. Therefore, the trial court herein properly reviewed the attachments to the appellee's motion to dismiss.
Turning to the substantive law, this court has carefully considered the Ohio Supreme Court's decision in J.A. Croson Co. v.J.A. Guy, Inc. (1998), 81 Ohio St.3d 346, where the court discusses preemption under the NLRA at great length. While the underlying issue presented in Croson is not on point, the analysis of preemption is equally applicable to this case. The court found that congressional purpose must be the ultimate focus. The court also found that the U.S. Supreme Court has been concerned with potential conflicts between the federal and state court systems regarding substantive law, remedies and administration.
The Croson Court found that there are two bases for preemption, the one applicable here is found under Garmon, supra.
Under Garmon, state courts are prohibited from reviewing cases which clearly or arguably fall within the parameters of the NLRA. Where a matter clearly falls within the scope of Section 7 or Section 8 of the NLRA, states are ousted of all jurisdiction.Croson, supra. The Ohio Supreme Court, in discussing activity arguably preempted from state review, held:
 Where conduct only arguably falls under the protections of Section 7 or the prohibitions of Section 8 of the NLRA, and the NLRB has not yet passed on whether the conduct is actually protected or prohibited, and it may not be fairly assumed that the NLRB would adjudge the conduct to be neither protected nor prohibited, courts generally must refrain from adjudicating the issue. Id. at 244, 79 S.Ct. at 779, 3 L.Ed.2d at 783. "It is essential to the administration of the Act that these determinations be left in the first instance to the NLRB." Id. at 244-245, 79 S.Ct. at 779, 3 L.Ed.2d at 783. Accordingly, the Supreme Court has established the doctrine of primary jurisdiction to safeguard Congress's design to "entrust administration of the labor policy for the Nation to a centralized administrative agency [the NLRB]." Gould, 475 U.S. at 289-290, 106 S.Ct. at 1063, 89 L.Ed.2d at 230.
In enacting the NLRA,
 "`Congress did not merely lay down a substantive rule of law to be enforced by any tribunal competent to apply law generally to the parties. It went on to confide primary interpretation and application of its rules to a specific and specially constituted tribunal and prescribed a particular procedure for investigation, complaint and notice, and hearing and decision, including judicial relief pending a final administrative order. Congress evidently considered that centralized administration of specially designed procedures was necessary to obtain uniform application of its substantive rules and to avoid these diversities and conflicts likely to result from a variety of local procedures and attitudes towards labor controversies. * * * A multiplicity of tribunals and a diversity of procedures are quite as apt to produce incompatible or conflicting adjudications as are different rules of substantive law.'" Garmon, 359 U.S. at 242-243, 79 S.Ct. at 778, 3 L.Ed.2d at 781-782, quoting Garner, 346 U.S. at 490-491, 74 S.Ct. at 165-166, 98 L.Ed. at 239-240.
The Court in Croson, supra, went on to note that there is an exception to the Garmon preemption doctrine where the activity is merely a peripheral concern to the Act, the activity touches a deeply rooted local feeling or responsibility, and the conduct underlying the action pending in state court was not protected by the Act.
In the case sub judice, it seems evident that the appellant's underlying tort claim as set forth in paragraph 5 of his complaint is preempted by federal law. Both the complaint and the NLRB Charge Against Employer mention the appellant's termination date of January 9, 1998 and both concern the same employer. The charge states that the appellant is a union member. Thus, even though the record contains only a bare pleading, it is clear that the NLRB charge and the complaint for wrongful discharge concern the same activities by the parties. At the very least, it is arguable that the activities were substantially similar and therefore preemption under Garmon is required.
Lastly, the appellant has not presented a case wherein there is an exception to the preemption doctrine. The activity of the appellant as outlined in the complaint, that of circulating a petition advocating a position in relation to collective bargaining rights, is not a mere peripheral concern of the NLRA. While the specific issue in the petition is not stated in the record before this court, in general, the right to circulate a petition on a labor related issue is not an activity limited to a deeply rooted local feeling or responsibility.
The appellant's claim is preempted by the NLRA and no exception to the preemption is warranted. The trial court properly granted the appellee's motion to dismiss for lack of subject matter jurisdiction.
If this court were to assume, arguendo, that the appellant's claim were not preempted by federal labor law, this court would still affirm the trial court's decision to dismiss the appellant's action. The appellant has opined that this court improperly decided Stallworth v. Greater Cleveland Regional Transit Authority
(Nov. 5, 1998), Cuyahoga App. No. 73533, unreported. This court must specifically disagree. In Stallworth, this court dismissed a wrongful discharge claim filed by a collective bargaining member on the basis of the Ohio Supreme Court's holding in Haynes, supra. In Haynes, the court found that a member of a collective bargaining unit is not an employee-at-will and has no cause of action underGreeley v. Miami Valley Maintenance Contrs. (1990), 49 Ohio St.3d 228
. The Supreme Court did not distance itself from this position in Kulch v. Structural Fibers, Inc. (1997), 78 Ohio St.3d 134. The appellant herein, as the plaintiff in Stallworth, is a member of a union and not an employee-at-will. The appellant's action must be dismissed as a matter of law. Stallworth, supra.
The appellant's assignment of error is overruled.
Judgment affirmed.
This cause is affirmed.
The court finds there were reasonable grounds for this appeal. It is, therefore, considered that said appellee recover from appellant its costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
ANN DYKE, A.J., and LEO M. SPELLACY, J., CONCUR.
 _______________________ JAMES D. SWEENEY, JUDGE
[1] In count two of the complaint the appellant sets forth a claim for intentional infliction of emotional distress. The appellant has not raised the dismissal of this cause of action in his appeal and this court will consider it waived.