OPINION
This is an accelerated calendar appeal. Appellant, Reginald D. Bullard, appeals from a final judgment of the Trumbull County Court of Common Pleas granting appellees, the City of Warren, Gary C. Cicero, and Herbert H. Laukhart, summary judgment. For the reasons that follow, we affirm the judgment of the trial court.
The following undisputed facts are relevant to this appeal. From April 1994 to September 1995, appellant was employed as a heavy equipment operator with the City of Warren ("the city"). As part of his employment, appellant was a member of Local #74, A.F.S.C.M.E., AFL-CIO and Ohio Council 8 American Federation of State, County, and Municipal Employees, AFL-CIO ("the union"). In that capacity, appellant was subject to a collective bargaining agreement between the city and the union.
On September 30, 1994, appellant was assaulted by a fellow employee shortly after the end of his shift. According to appellant, he was unable to return to work for an extended period of time because of his injuries. As a result, he applied for and began receiving workers' compensation benefits.
On September 18, 1995, appellant was discharged by the city for being absent without leave. Appellant filed a pro se complaint against the city and several others on September 29, 1995. However, the trial court dismissed this complaint on October 24, 1995 as being "improvidently filed."
Appellant subsequently retained an attorney and filed the instant action against the city, Gary C. Cicero ("Cicero"), and Herbert H. Laukhart ("Laukhart") (collectively referred to as "appellees"), on September 17, 1997. In his complaint, appellant alleged that that the city was negligent in its supervision of its employees, specifically Darren Caffie, and as a direct result of this negligence, appellant was seriously injured. Appellant also sought damages for negligent misrepresentation based on statements made by Cicero and Laukhart.
On October 29, 1998, appellant amended his complaint to include a claim for wrongful discharge. According to appellant, he was wrongfully terminated from his employment due to the injuries he suffered in the assault. In addition to his wrongful discharge claim, appellant also reasserted his claim for negligent supervision and changed his negligent misrepresentation cause of action to one for defamation.
Appellees filed separate answers denying the allegations in the complaint and, in the alternative, asserting several affirmative defenses. On June 4, 1999, appellees filed a joint motion for summary judgment, arguing that appellant's complaint should be dismissed for failure to exhaust administrative remedies and for being barred by the applicable statutes of limitations. Appellant filed a brief in opposition on July 2, 1999.
By a judgment entry dated October 29, 1999, the trial court entered summary judgment for appellees. In doing so, the court noted that appellant had failed to complete the grievance procedure included in the collective bargaining agreement between the union and the city before filing his complaint. Also, the trial court concluded that appellant's negligent supervision claim was barred by the statute of limitations and that the savings clause in R.C. 2305.19 was inapplicable.
From this judgment entry, appellant filed a timely notice of appeal. After reviewing appellant's notice and the attached material, we remanded the matter to the trial court so that a nunc pro tunc order could be issued to correct several clerical errors. A new judgment entry was filed, and the case proceeded according to rule. Appellant now raises the following four assignments of error for our consideration:
 "[1.] The Trial Court erred in holding that Appellant's physical injury initiated the running of the statute of limitations because the injury alleged in the Complaint was Appellant's discharge from employment proximately caused by CITY's negligence. * * *
 "[2.] The Trial Court erred in not holding CITY liable for breach of its duty to supervise Darren Caffie or to keep order among its employees while they were on CITY property. * * *
 "[3.] The Trial Court erred in not considering Appellant's paychiatrist's [sic] opinion while at the same time considering the `Official Grievance Form' and `Grievance Fact Sheet' submitted by Appellees without [a] supporting affidavit. * * *
 "[4.] The Trial Court erred in ruling that completion of the arbitration under the union contract was `required' before Appellant could file his complaint. * * *"
Because appellant's assignments of error are interrelated, we will consider them in a consolidated fashion.[1]
Summary judgment is appropriate when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come but to one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence construed most strongly in his favor. Civ.R. 56(C); Leibreich v. A.J.Refrigeration, Inc. (1993), 67 Ohio St.3d 266, 268.
Material facts are those facts that might affect the outcome of the suit under the governing law of the case. Turner v. Turner (1993),67 Ohio St.3d 337, 340, citing Anderson v. Liberty Lobby, Inc. (1986),477 U.S. 242, 248. To determine what constitutes a genuine issue, the court must decide whether the evidence presents a sufficient disagreement to require submission to a jury, or whether it is so one-sided that one party must prevail as a matter of law. Turner at 340.
The party seeking summary judgment on the grounds that the nonmoving party cannot prove its case bears the initial burden of informing the trial court of the basis for the motion and of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claims. Dresherv. Burt (1996), 75 Ohio St.3d 280. The moving party must be able to point specifically to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claim. Dresher at 293.
If this initial burden is met, the nonmoving party has a reciprocal burden to respond, by affidavit or as otherwise provided in the rule, in an effort to demonstrate that there is a genuine issue of fact suitable for trial. Id. If the nonmoving party fails to do so, the trial court may enter summary judgment against that party if appropriate. Id.
Traditionally, "a general or indefinite hiring is terminable at the will of either party, for any cause, no cause or even in gross or reckless disregard of any employee's rights[.]" Collins v. Rizkana
(1995), 73 Ohio St.3d 65, 67. This concept is generally referred to as the "employment-at-will doctrine." Id.
Prior to 1990, the employment-at-will doctrine precluded a wrongful discharge action by an at-will employee. Cooper v. Metal Sales Mfg.Corp. (1995), 104 Ohio App.3d 34, 47. However, in Greeley v. MiamiValley Maintenance Contrs., Inc. (1990), 49 Ohio St.3d 228, the Supreme Court of Ohio recognized an exception to the traditional rule when it held that a discharged employee has a private cause of action sounding in tort for wrongful discharge if his or her termination was in contravention of a sufficiently clear public policy as embodied in a statute. Greeley at paragraph one of the syllabus.
Since Greeley, the Supreme Court has expanded its holding to include other causes of action based on public policy, but not necessarily on a public policy manifested in a statute. See, Painter v. Graley (1994),70 Ohio St.3d 377, paragraph three of the syllabus (holding that a cause of action may be brought for wrongful discharge in violation of public policy found in the Constitutions of Ohio and the United States, administrative rules and regulations, and the common law); Collins,supra, at syllabus (holding that a cause of action may be brought for wrongful discharge in violation of public policy based on sexual harassment/discrimination).
Having said that, the right of a former employee to bring a cause of action pursuant to Greeley and its progeny is not absolute. For example, "[i]n order for an employee to bring a cause of action pursuant to Greeley * * *[,] that employee must have been an employee[-]at[-]will."Haynes v. Zoological Soc. of Cincinnati (1995), 73 Ohio St.3d 254, syllabus. See, also, Stephenson v. Yellow Freight Systems, Inc. (Oct. 26, 1999), Franklin App. No. 99AP-77, unreported, at 12-13, 1999 Ohio App. LEXIS 4994; Stallworth v. Greater Cleveland Regional Transit Auth.
(Nov. 5, 1998), Cuyahoga App. No. 73533, unreported, at 8-9, 1998 Ohio App. LEXIS 5312.
Here, appellant was not an employee-at-will. Rather, he was a member of a union with the terms of his employment governed by a collective bargaining agreement. That agreement limited the power of the city to terminate appellant, and as a result, took him out of the context of employment-at-will. Haynes at 258. As a result, appellant cannot assert a cause of action under Greeley.
Even if appellant were an employee-at-will, his claim for wrongful discharge would still fail. It is well-settled in Ohio that the failure of an employee to exhaust his or her administrative remedies pursuant to a collective bargaining agreement will result in a determination that a court does not have jurisdiction to hear the employee's complaint.Nemazee v. Mt. Sinai Med. Ctr. (1990), 56 Ohio St.3d 109, 111. Stated another way, "a common pleas court will not have subject matter jurisdiction over an employee's grievance if [the] employee fail[ed] to exhaust the grievance procedure * * * set forth in a labor contract."Fraternal Order of Police, Ohio Labor Council, Inc. v. Springdale (Feb. 5, 1997), Hamilton App. No. C-960151, unreported, at 7-8, 1997 Ohio App. LEXIS 354.
There are two exceptions to the above rule. First, if there is no administrative remedy available which can provide the sought after relief, or if pursuing administrative remedies would be wholly futile, exhaustion is not required. Karches v. Cincinnati (1988),38 Ohio St.3d 12, 17. Second, exhaustion of administrative remedies is also unnecessary when the available remedy is onerous or unusually expensive. Id.
As we noted earlier, appellant was a member of a union that had a collective bargaining agreement with the city. This agreement included a grievance procedure that employees were to follow in the event of a dispute. Appellant, however, testified in his deposition that he did nothing to pursue administrative remedies pursuant to the collective bargaining agreement.[2] While he makes a somewhat vague allegation that, in light of his "psychiatric condition," the grievance process would have been onerous, there is absolutely no competent, credible evidence in the record to support this claim.
As a result, whether or not appellant should have been discharged was a matter that he should have pursued through the available administrative process with its potential remedies. Having failed to do so, the trial court lacked jurisdiction to consider his claim for wrongful discharge. Accordingly, the trial court did not err in entering summary judgment in favor of appellees on that cause of action.
Next, we will discuss whether the trial court erred in finding that appellant's negligent supervision claim was barred by the two-year statute of limitations for claims involving bodily injury. According to appellant, the city failed to take steps to protect him from Caffie's violent attack. Appellant claims that prior to the assault, he had informed his supervisor and foreman that Caffie had threatened him in the past, and that he had requested a different work assignment to avoid Caffie's abuse. Despite these efforts, appellant maintains that the city did nothing, which ultimately resulted in his injuries.
Appellant fails to address the trial court's conclusion that his claim for negligent supervision was barred by the statute of limitations. Under R.C. 2305.10(A), appellant had two years after the assault occurred within which to file his complaint.[3] While appellant did file his initial complaint well within the two-year time period, his subsequent refiling of the action occurred nearly three years after the attack, clearly beyond the time proscribed in R.C. 2305.10. Moreover, even though R.C. 2305.19 contains a savings clause that allows a party to refile a cause of action within one year after being dismissed otherwise than upon the merits if the statute of limitations has already run, appellant waited almost two years to refile his complaint.[4]
Therefore, the relevant statute of limitations period expired on September 30, 1996, two years after the assault. As a result, the trial court did not err in entering summary judgment in favor of appellees on appellant's negligent supervision claim.
Based on the forgoing analysis, appellant's four assignments of error are meritless. The judgment of the trial court is affirmed.
 _____________________________ JOSEPH DONOFRIO, JUDGE, Ret., Seventh Appellate District, sitting by assignment.
FORD, P.J., NADER, J., concur.
[1] On appeal, appellant does not challenge the trial court's granting of summary judgment on his defamation claim.
[2] There is some evidence in the record that appellant began the grievance process. However, this evidence was not properly authenticated during the summary judgment exercise and will not be considered by this court.
[3] R.C. 2305.10 states in pertinent part:
 "(A) Except as provided in division (C) of this section, * * * an action for bodily injury * * * shall be brought within two years after the cause of action accrues."
[4] R.C. 2305.19 provides in part:
 "In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff * * * may commence a new action within one year after such date."