OPINION
Plaintiff-appellant, Benedict O. Atakpu, appeals from a decision of the Court of Claims of Ohio, entering judgment for defendant-appellee, Central State University, after a bench trial.
Appellant filed a complaint on September 24, 1998, against appellee, his employer, seeking injunctive and declaratory relief as well as damages based upon appellee's denial of his application for tenure. Appellee filed an answer on October 28, 1998. The trial court bifurcated for trial the issues of liability and damages. A trial on liability was held on January 18, 2000, and both parties submitted proposed findings of fact and conclusions of law on February 14, 2000. In a decision, filed September 7, 2000, the trial court entered judgment for appellee. Appellant filed a timely notice of appeal.
On appeal, appellant asserts three assignments of error:
 1. The trial court erred in failing to conclude that the denial of University tenure was arbitrary, capricious and an abuse of discretion, upon review of clear evidence of reference tampering, irreconcilable application of standards and lack of expertise causing error in the review of the criteria for a denial of tenure by the University.
 2. The evidence below unambiguously and without contradiction supported the conclusion that Appellant was denied tenure, after having been approved for promotion pursuant to the same standards, as the result of his agitation for reform and complaints for correction of health and safety concerns within the University department he chaired, as well as his persistent inquiries as to the misappropriation of funding for his department, contrary to the conclusion of the trial court.
 3. The trial court erred by refusing to give consideration at the liability hearing to undisputed claims based upon the refusal of a University to pay its employee for overtime course loads.
Appellant began his employment with appellee in 1993, as an associate professor in the Department of Health, Physical Education and Recreation ("HPER"). Appellant previously held a tenured faculty position at Mississippi Valley State University, for which appellee granted him two years of credit toward tenure. His employment was subject to a collective bargaining agreement between appellee and the American Association of University Professors, Central State University Chapter. Under the terms of the collective bargaining agreement, faculty may apply for tenure after five years of service, but they must obtain tenure by the end of the sixth year or they will be terminated effective at the end of the seventh year. The collective bargaining agreement also provided the standards to be employed in determining promotion and tenure applications.
Appellant initially applied for promotion and tenure in the 1995-1996 school year, his fifth year of service given the two-year credit. Appellant obtained the recommendation of his department for promotion and tenure, but the promotion and tenure committee of the university senate only recommended him for tenure. However, due to financial problems at Central State University, the board of trustees denied all pending promotion and tenure requests. Subsequently, the board of trustees decided to consider the previous promotion and tenure requests. All faculty who had applied for promotion were invited to reapply in the fall of 1997. Appellant reapplied and was promoted to full professor in November 1997. During the fall of 1997, appellant was named as acting chair of the HPER department and, in that capacity, he brought numerous complaints about the condition of HPER's facilities and financial concerns to appellee's attention.
The board of trustees then decided to consider the previous tenure requests and, in January 1998, the vice-president for academic affairs invited the faculty to reapply for tenure. Appellant submitted the same dossier that he had submitted for his promotion in the fall of 1997; however, the promotion and tenure committee ("the committee") voted not to recommend appellant for tenure. On February 19, 1998, Dr. Mary Fahrenbruck, chair of the committee, sent appellant a letter indicating that the committee voted not to recommend him for tenure and identifying areas in which the committee felt his application was deficient, including publications, research and university service. Appellant then requested reconsideration, and he appeared before the committee on February 26, 1998; however, the majority of the committee again voted not to recommend tenure. Although appellant appealed the committee's decision, the board of trustees ultimately denied his appeal. On May 1, 1998, the board of trustees informed appellant that he would be terminated effective at the end of the 1998-1999 school year. Appellant was replaced as acting chair of HPER, and his employment with appellee ended in 1999.
In appellant's first assignment of error, he argues that the trial court erred by failing to conclude that the denial of tenure was arbitrary, capricious and an abuse of discretion, and that the trial court's decision was against the manifest weight of the evidence. We disagree.
In C. E. Morris Co. v. Foley Construction Co. (1978), 54 Ohio St.2d 279, syllabus, the Supreme Court of Ohio held that "[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." In reviewing a university's tenure decision, this court has indicated that "the question before the trial court, and this court on appeal, is not whether either court would have decided the matter differently, but whether the defendant acted fraudulently, in bad faith, or in an arbitrary and capricious manner." Staton v. Miami Univ. (Mar. 27, 2001), Franklin App. No. 00AP-410, unreported. This court does not act as a super administrator concerning the assessment of a candidate's qualifications for tenure and will not substitute its judgment for that of the university on subjective matters such as teaching ability, scholarship and professional stature. Gogate v. Ohio State Univ. (1987), 42 Ohio App.3d 220, 226.
Appellant suggests that there is no discernable distinction between the standards for promotion and the standards for tenure set forth in the collective bargaining agreement. Thus, for the university to promote him in November but deny him tenure in February, when he submitted the same dossier both times, was arbitrary and capricious according to appellant. Moreover, appellant argues that the dossier he submitted was identical to the dossier with which he garnered the approval of the promotion and tenure committee for his tenure request in 1995. Additionally, appellant asserts that there was a conspiracy to deny him tenure in that a member of the promotion and tenure committee met with the other faculty members of his department to convince them to drop their support of his application. He asserts that these bad faith acts by appellee were the result of his complaints about the problems in the HPER department.
Upon a review of the evidence, we conclude that there was competent, credible evidence in the record that supported the trial court's finding that appellee's employees did not act in an arbitrary or capricious manner in denying appellant's tenure application. Contrary to appellant's argument, Dr. Bonita Taylor Ewers, vice-president of academic affairs, explained the distinction between the standards for promotion and for tenure. According to Ewers, promotion determinations focus on what a faculty member has achieved in the past, while tenure determinations are broader and focus on a faculty member's potential for future contributions to the university. The committee provided appellant with a listing of areas in which they believed his performance was deficient, and he was provided the opportunity to supplement his dossier and to make a thirty-minute presentation to the committee on reconsideration. Both Fahrenbruck, as chair of the committee, and Ewers, who reviewed his application on appeal, cited problems with appellant's publications and scholarship as the principal reason for not supporting him for tenure. Additionally, Ewers indicated that appellant's dossier did not reflect a forward movement in his scholarship in that he had not published anything new since his first tenure application in 1995.
Moreover, appellee complied with the tenure procedures as provided in the collective bargaining agreement. The meeting between the two faculty members in the HPER department and Dr. Esprit was required as part of the tenure process. Margaret White Fitzpatrick, a faculty member in the HPER department, indicated that she did not support appellant's application for tenure and that she only signed the letter of support that appellant had prepared because she felt coerced. Additionally, there is no evidence of any link between appellant's complaints as acting chair of HPER and appellee's denial of his application for tenure.
Because there is competent, credible evidence in the record supporting the trial court's decision that appellee did not act in a manner that was arbitrary, capricious, fraudulent or in bad faith, we conclude that the decision is not against the manifest weight of the evidence. Consequently, appellant's first assignment of error is overruled.
In appellant's second assignment of error, he asserts that the trial court erred by disregarding evidence in the record supporting his claim that he was denied tenure and ultimately terminated in retaliation for his complaints about problems in the HPER department. We disagree.
Although appellant frames his argument in terms of retaliation, he argues that his denial of tenure and termination amounted to wrongful discharge in violation of public policy because he was raising health and safety issues. The trial court found that appellant failed to articulate any clear public policy that was implicated as a result of the denial of his tenure application.
In Greeley v. Miami Valley Maintenance Contrs., Inc. (1990),49 Ohio St.3d 228, the Supreme Court of Ohio established an exception to the employment at will doctrine for discharges or discipline in contravention of public policy and recognized a cause of action in tort. In Powers v. Springfield City Schools (June 26, 1998), Clark App. No. 98-CA-10, unreported, the Second District interpreted Greeley and subsequent Ohio Supreme Court decisions to include a cause of action for retaliatory denial of promotion in contravention of public policy. However, a Greeley cause of action is available only to at-will employees and may not be asserted by employees subject to a collective bargaining agreement. Haynes v. Zoological Soc. of Cincinnati (1995),73 Ohio St.3d 254, 257; Stephenson v. Yellow Freight Systems, Inc. (Oct. 26, 1999), Franklin App. No. 99AP-77, unreported.
Because appellant was subject to a collective bargaining agreement, he cannot assert a cause of action for wrongful denial of tenure or wrongful discharge in violation of public policy. Consequently, appellant's second assignment of error is overruled.
In appellant's third assignment of error, he argues that the trial court erred by not ruling on his claim for payments for course overloads he taught. We agree.
During the trial on liability, appellant's counsel raised the issue of course overloads for which appellant was not paid. He introduced an exhibit demonstrating the overload classes taught by appellant during the 1994 1995 school year, and the exhibit was later admitted without objection. However, when the questioning turned to whether appellee compensated appellant for the overload courses he taught, appellee's counsel objected on the grounds that the trial was limited to issues of liability rather than damages. There was an extended discussion between both counsel and the judge as to whether the testimony should be reserved for the trial on damages. Appellant's counsel asserted that the issue was raised in the complaint but not as a separate claim. Appellee's counsel conceded that the issue was pled and stated that he did not object to testimony on the issue but indicated that he had not conducted any discovery on the issue because he felt that it was a damages issue and not one for the liability phase. After a discussion off the record, appellant's counsel did not ask any further questions on the issue.
The trial court included no discussion of payments for course overloads in its decision. Appellant argues that the trial court should have addressed the issue in its decision. Appellee acknowledges in its brief that there was confusion over the issue of overloads and states that appellant should not suffer the consequences of this confusion. However, appellee suggests that the statute of limitations ran on any claims for nonpayment for course overloads from the 1994 1995 school year, despite the fact that appellee did not raise this affirmative defense in its answer and that the time for amending its pleading has long since passed.
Upon a review of the record, it appears that appellant did raise the issue of course overload payments in the complaint in the prayer for relief rather than as a separate claim. Appellant again asserted the course overload issue in his pretrial statement. However, he did not include any discussion of course overload payments in his proposed findings of fact and conclusions of law. Although it could be argued that the issue was tried by consent of the parties under Civ.R. 15(B) because both parties acknowledged the existence of the issue and some evidence was introduced (see State ex rel. Evans v. Bainbridge Twp. Trustees [1983], 5 Ohio St.3d 41), insufficient evidence was presented to allow any final resolution of this issue. Because discussions were held off the record, this court is unable to reconstruct how the trial court resolved this issue during the trial. Therefore, given the confusion and appellee's acquiescence in the trial of the course overload issue, we conclude that it is in the interest of justice to remand this issue to the trial court for further consideration. Consequently, appellant's third assignment of error is sustained.
Based upon the foregoing reasons, appellant's first and second assignments of error are overruled, while his third assignment of error is sustained. The decision of the trial court is affirmed in part and reversed in part, and this matter is remanded to the trial court for further proceedings consistent with this opinion.
 ___________________ KENNEDY, J.
PETREE and McCORMAC, JJ., concur.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.