[Cite as *State ex rel. Ard v. Sandusky*, 2015-Ohio-5158.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio, ex rel. Nicole Ard                Court of Appeals No. E-15-023

　　　　Appellee                                           Trial Court No. 2014-CV-0398

v.

City of Sandusky, et al.                          **DECISION AND JUDGMENT**

　　　　Appellants                                       Decided:  December 11, 2015

* * * * *

Kyle J. Stroh, Michael Hrabcak and Benjamin B. Nelson, for appellee.

William Lang, for appellants.

* * * * *

**YARBROUGH, P.J.**

## I.  Introduction

{¶ 1} Appellant, the city of Sandusky,[1] appeals the judgment of the Erie County

Court of Common Pleas, granting summary judgment to appellee, Nicole Ard, former

Sandusky City Manager, on her petition for a writ of mandamus.  Because we find that

---

[1] We note that the city of Sandusky, et al., has appealed, but for the sake of clarity, they
will be referred to as appellant in the singular.

the contested terms of Ard's employment contract did not alter the at-will status of her employment, we affirm.

## A. Facts and Procedural Background

{¶ 2} The relevant facts of this case are not in dispute. On December 2, 2011, the city of Sandusky passed Ordinance No. 11-116, approving and authorizing the execution of an employment agreement between the city and Ard. Section 1 of Ordinance No. 11-116 recites the city commission's approval of the employment agreement and incorporates the employment agreement into the ordinance. The employment agreement states, in relevant part:

**Section 9: Termination**

* * *

E. In the event the Employee is terminated by the Employer during the six (6) months immediately following the seating and swearing-in of one or more new City Commission members, and during such time that Employee is willing and able to perform his duties under this Agreement, then, in that event, Employer agrees to pay Severance in accordance with Section 10, plus salary and benefits in accordance with Section 10 for any portion of the six months not worked.

* * *

2.

**Section 10: Severance**

Except as outlined in Sections 9F, in the event Employee is terminated as defined in Section 9 by the Commission during such time that Employee is willing and able to perform duties under this Agreement, and then in that event Employer agrees to [continue] Employee's salary and health insurance for a period of six (6) months following the date of termination. In addition to Severance, Employee shall receive her vested interest in any benefits.

{¶ 3} Approximately three weeks after the passage of Ordinance No. 11-116, the city hired Ard as city manager. On January 1, 2014, three new city commissioners took office. Ard's employment as city manager was terminated without cause three months later. The city did not provide the severance pay set forth in Section 10 of the employment agreement following Ard's termination.

{¶ 4} As a result of the city's refusal to pay her severance benefits, Ard filed a "Verified Petition for Writ of Mandamus, or in the alternative, Complaint for Declaratory Judgment." In her petition, Ard sought a declaration that she was entitled to severance benefits under Ordinance No. 11-116 and an order directing the city to issue payment for such benefits.

{¶ 5} Thereafter, on September 25, 2014, Ard filed a motion for summary judgment, arguing that the provision within the employment agreement entitling her to severance benefits was enforceable inasmuch as it did not alter the at-will employment

3.

relationship between the parties. The city responded in opposition to the motion for summary judgment, asserting that the severance provision was unenforceable as an impermissible restraint on the city commissioners' right to terminate the city manager.

{¶ 6} Upon consideration of the parties' arguments, the trial court, on March 25, 2015, issued its decision in which it found that the severance provisions contained in the employment agreement did not interfere with the city's right to terminate Ard at any time. Consequently, the court concluded that the severance benefits did not alter the nature of Ard's employment as an at-will employee. Accordingly, the trial court granted Ard's motion for summary judgment and ordered the city to pay Ard's severance benefits and reimburse her for any costs incurred for continuation of health benefits from the date of termination through March 10, 2015. The city's timely appeal followed.

## B. Assignment of Error

{¶ 7} On appeal, the city assigns the following error for our review:

> The trial court erred to the prejudice of the City of Sandusky when it granted the motion for summary judgment of the relator, who was the city manager, an unclassified civil service employee, holding the employment agreement was fully enforceable where the terms of the agreement required the City to pay continued compensation if employment was terminated without cause and additional compensation if employment was terminated without cause within a time certain after a new City Commissioner took office.

4.

## II. Analysis

{¶ 8} In its sole assignment of error, the city argues that the trial court erred in granting Ard's motion for summary judgment. We review the trial court's grant of summary judgment de novo, applying the same standard as the trial court. *Jensen v. AdChoice, Inc.*, 6th Dist. Lucas No. L-14-1014, 2014-Ohio-5590, ¶ 11, citing *Lorain Natl. Bank v. Saratoga Apts.*, 61 Ohio App.3d 127, 129, 572 N.E.2d 198 (9th Dist.1989). Under Civ.R. 56(C), summary judgment is appropriate where (1) there is no genuine issue as to any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion, and viewing the evidence in the light most favorable to the non-moving party, that conclusion is adverse to the non-moving party. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978).

{¶ 9} Here, the city argues that the trial court erred in finding that the severance provisions contained in the employment agreement were enforceable. In particular, the city contends that the employment agreement "requires the City to make a finding of cause for discharge, without which she is granted entitlement to benefits, which serves to alter the at-will employment status of [Ard]."

{¶ 10} In response, Ard acknowledges that her employment with the city was at-will. She does not assert that the city unlawfully terminated her employment. Rather, she contends that the city impermissibly withheld severance benefits under the employment agreement *after* terminating her employment. Ard argues that the terms of

5.

the employment agreement do not alter the at-will nature of her employment relationship to the city because the agreement lacks a specific term of employment and allows the city to terminate her employment with or without cause. We agree.

{¶ 11} According to the Supreme Court of Ohio, "[t]he identifying characteristic of an employment-at-will relationship is that either the employer or the employee may terminate the employment relationship for any reason which is not contrary to law." *Haynes v. Zoological Soc. of Cincinnati*, 73 Ohio St.3d 254, 258, 652 N.E.2d 948 (1995), citing *Mers v. Dispatch Printing Co.*, 19 Ohio St.3d 100, 483 N.E.2d 150 (1985); *Boggs v. Avon Prods., Inc.*, 56 Ohio App.3d 67, 564 N.E.2d 1128 (12th Dist.1990). Thus, it is clear that the chief issue to be resolved when determining whether an employment relationship is at-will is whether the employment agreement contains a definite term of employment during which the employee may not be terminated without cause.

{¶ 12} Here, the employment agreement does not protect Ard's employment for a specific term. Nonetheless, the city urges us to find that the employment agreement's provision of severance benefits altered Ard's at-will status by impeding the city's ability to terminate Ard's employment at-will. This argument was previously rejected by the Eleventh District Court of Appeals in *Iberis v. Mahoning Valley Sanitary Dist.*, 11th Dist. Trumbull No. 2000-T-0036, 2001 WL 1647184 (Dec. 21, 2001).

{¶ 13} In *Iberis*, the Mahoning Valley Sanitary District, through its board of directors, entered into a three-year employment contract with Iberis, who was hired as the district's executive director. *Id.* at *1. Relevant here, the agreement could be terminated

6.

upon a 30-day notice of termination. *Id.* In the event Iberis was terminated by the district, he was entitled to one year of severance pay. *Id.* Eventually, the district terminated Iberis's employment. However, Iberis did not receive his severance pay. *Id.*

{¶ 14} Iberis subsequently filed suit for breach of the employment contract. The district filed a motion for summary judgment, arguing that Iberis's contract "was invalid because it violated the express dictates of R.C. 6115.72, which provides that all District employees are at-will." *Id.* The trial court granted the district's motion for summary judgment. On appeal, the appellate court reversed, in part, finding that Iberis was entitled to severance pay. The court initially noted that Iberis was "clearly an at-will employee." *Id.* at *4. The court went on to state that "the parties could include provisions for severance pay following [Iberis's] dismissal by the District without violating R.C. 6115.72. Such a clause in a written employment contract would not change the employee's at-will status as the employee could be dismissed at any time by the District." *Id.*

{¶ 15} Likewise, in the case at bar, we find that the employment agreement provision entitling Ard to severance benefits does not alter Ard's at-will status. As stated above, the hallmark of the employment-at-will doctrine is the ability to terminate the employment relationship with or without cause. The employment agreement here does not restrict the city's ability to terminate Ard's employment. Therefore, we conclude that the employment agreement does not alter the at-will employment relationship between

7.

Ard and the city, notwithstanding the severance benefits the city is obligated to pay in the event of Ard's termination.

{¶ 16} Accordingly, the city's sole assignment of error is not well-taken.

{¶ 17} As an additional matter, Ard requests an award directing the city to pay her appellate attorney fees on the basis that this appeal is frivolous. Under App.R. 23, a court of appeals "may require the appellant to pay reasonable expenses of the appellee including attorney fees and costs" upon a finding that the appeal is frivolous. "A frivolous appeal is one that presents no reasonable question for review." *Garritano v. Pacella*, 6th Dist. Lucas No. L-09-1256, 2010-Ohio-1702, ¶ 12, citing *Talvott v. Fountas*, 16 Ohio App.3d 226, 226, 475 N.E.2d 187 (10th Dist.1984). Because we find that the city raised reasonable questions for our review, we deny Ard's request for attorney fees.

### III. Conclusion

{¶ 18} In light of the foregoing, we affirm the judgment of the Erie County Court of Common Pleas. Costs are hereby assessed to the city in accordance with App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

8.

Arlene Singer, J.                              _____

                                                                JUDGE

Thomas J. Osowik, J.

                                                                 _____

Stephen A. Yarbrough, P.J.                                JUDGE
CONCUR.

                                                                 _____
                                                                   JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.