**Diana COBB, Plaintiff,**

v.

**VILLAGE OF OAKWOOD, Edward J. Ozog, Bill Blount, Defendants.**

**No. 1:90CV1890.**

United States District Court,
N.D. Ohio, E.D.

June 19, 1991.

Harold L. Williams, Susan E. Morgenstern, Legal Aid Soc. of Cleveland, Cleveland, Ohio, for plaintiff.

Joseph W. Diemart, Jr., Joseph W. Diemart & Associates, Cleveland, Ohio, for defendants.

## MEMORANDUM OF OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

KRENZLER, District Judge.

This case is before this Court on the parties' cross-motions for summary judgment. Plaintiff's complaint alleges that she was denied procedural due process under the fourteenth amendment to the United States Constitution because she was not provided with notice or a hearing prior to or after the termination of her employment with the defendant, Village of Oakwood ("Oakwood"). Plaintiff further claims that the failure to provide her with notice and a hearing constituted a breach of contract. The Court finds that there are no material issues of fact, and that as a matter of law plaintiff had no vested property right in her employment, nor did she have any contract of employment with Oakwood. Hence, defendants are entitled to summary judgment.

### I. *Factual Background*

The material facts in this case are not in dispute. Plaintiff was employed by Oakwood for approximately four years. Her last position there was as a laborer in the Service Department. On or about June 15, 1990, Oakwood's mayor, defendant Edward Ozog, and its Service Director, defendant Bill Blount, hand-delivered the following letter to plaintiff at her home:

Dear Mrs. Cobb:

After critical evaluation of the employees and their talents as related to the Service Department, I regret to inform you that you have not shown enough individual abilities to remain a member.

Your needed physical abilities (physical strength and agility) are severely limited, thereby diminishing your performance standards.

With the concurrence of Mayor Ozog, Friday, June 15, 1990, your employment will be terminated with the Village of Oakwood.

Concurrence:

/s/ Edward J. Ozog

Edward J. Ozog, Sr., Mayor

Sincerely,

/s/ Bill Blount

Bill Blount, Service Director

Plaintiff was not given a hearing either before or after she received this letter.

Plaintiff claims that she had a right to continued employment under the terms of Oakwood's Charter. Consequently, a recitation of the relevant portions of the Charter is in order.

Section 8.02(D) of the Charter provides that:

> The Mayor.... shall have the power to appoint, promote, transfer, reduce, or remove any officer, not elected, or employee of the Municipality, but such power shall be subject to the other provisions of this Charter, or to the laws of Ohio where it is beyond the competence of this Charter to provide; and such power of removal shall be exercised over a member of a board or commission, after complaint and hearing, only for neglect of duty, incapacity, incompetency, or malfeasance in office.

Charter §§ 7.09 and 9.03 provide that certain employees serve at the pleasure of the mayor or the village council. Charter § 8.04 provides for the hearing and appeal rights of Oakwood's employees:

> Any full-time employee of the Municipality shall have and enjoy such rights to a hearing of charges against him, in case of threatened removal or suspension, and to an appeal, as may be provided by the general laws of Ohio or by the Council, where it is competent for the Council to act. This section shall not be in force and effect when and after the Municipality becomes a City.

## II. *Analysis of Plaintiff's Claims*

In order to prove her claim under 42 U.S.C. § 1983, plaintiff must show that (1) defendants acted under color of state law, and (2) defendants violated her constitutional rights. At least for purposes of these motions, defendants do not dispute that they are state actors. Consequently, the only question is whether defendants violated plaintiff's constitutional rights.

■ Where, as here, the plaintiff claims that she was deprived of property in violation of her procedural due process rights, the plaintiff must show that she had a protected property interest, that the defendants deprived her of that interest without due process, and that there is no adequate remedy under state law. *See Haag v. Cuyahoga County*, 619 F.Supp. 262, 279 (N.D.Ohio 1985).

In *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985), the Supreme Court held that a civil service employee (who could be discharged only for cause) had a property right in his employment. The Court held that due process required that the employee be given a pretermination notice and an opportunity to respond to the charges against him, since the government's interest in immediate termination did not outweigh the employee's interest in retaining his employment, nor did it outweigh the risk of an erroneous termination decision. *Id.* at 542–45, 105 S.Ct. at 1493–95. The Court indicated that the pretermination hearing need not be elaborate, in light of the employee's post-termination remedies. *Id.* at 545, 105 S.Ct. at 1495.

From *Loudermill*, it is clear that if an employee has a vested right to government employment, no post-termination remedy will be adequate to protect the employee's rights; a pretermination hearing, however informal, must be provided. In this case, the defendants did not provide plaintiff with a pretermination opportunity to respond to the reasons for her discharge. The determinative issue is whether the plaintiff had a constitutionally protected

property right in her employment, so that such a hearing was required.

*Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), provides guidance for this Court's decision on this issue. The Supreme Court there noted that:

> To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.
>
> \* \* \* \* \* \*
>
> Property interests, of course, are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.

Thus, this Court must look to Ohio law to decide whether plaintiff had a protected property interest in her employment.

■ Under Ohio law, employment relationships generally are presumed to be "at will," so that an employer ordinarily may discharge an employee for any reason not contrary to law, or for no reason at all. *Henkel v. Educational Research Council,* 45 Ohio St.2d 249, 344 N.E.2d 118 (1976); *Biskupich v. Manor Nursing Home,* 33 Ohio App.3d 220, 221, 515 N.E.2d 632 (Cuyahoga App.1986). A plaintiff may overcome this presumption if there are facts and circumstances which indicate that there is an agreement for employment for a specific term. *Henkel, supra.*

■ Public employees in Ohio differ from private employees in that they cannot have any contractual relationship with their employer; the relationship between a governmental employer an employee is governed exclusively by statute or legislative enactment. *See, e.g., Fuldauer v. Cleveland,* 32 Ohio St.2d 114, 290 N.E.2d 546 (1972). "It has been called a 'universal rule' that a public employee does not hold his office *ex contractu* (that is, pursuant to

contract in the sense of an agreement or bargain between him and the public), but *ex lege* (as a matter of law, or pursuant to statute)." *Cook v. Maxwell,* 57 Ohio App.3d 131, 134, 567 N.E.2d 292 (Hamilton App.1989). For this reason, this Court must reject plaintiff's claim that she had a *contractual* right to continued employment.

Even though she describes her relationship with Oakwood as contractual, however, plaintiff bases her claimed property right in her employment on the terms of the Oakwood Charter. Specifically, plaintiff claims that § 8.04 of the Charter provides her with a right to a pretermination hearing, and that the very existence of this right indicates that she had a legitimate expectation of continuing employment. As further evidence of her alleged expectation of continuing employment, plaintiff points to the charter provisions which state that certain employees serve "at will." Plaintiff argues that these provisions must mean that employees who do not serve at will are "vested" with a right to continued employment.

■ The charter's explicit statement that certain employees will serve "at will" does not create a negative implication that all other employees are vested. In addition to its provision for certain "at will" employees, the Charter also includes a provision requiring "cause" for the discharge of board or commission members. Had the framers of the charter intended to address the status of all village employees, they could easily have done so in one or another of these provisions. The fact that they did not makes it clear that the charter was simply not intended to address the status of all village employees.

This Court also rejects plaintiff's construction of § 8.04 as providing her with a right to a hearing. Plaintiff would have this Court interpret § 8.04 to provide Oakwood employees with the same right to a hearing as is provided to classified civil servants under the state civil service laws. However, § 8.04 only provides employees with *"such* rights to a hearing *as may be provided "* by state or local law. (Empha-

sis added.) Thus, it merely gives the employees whatever right to a hearing they might otherwise have under state or local law as a village employee. The parties agree that villages are not bound by the state civil service laws, and indeed, no state or local law provides a right to a hearing for village employees. Section 8.04 does not incorporate the civil service law protections into the charter for the benefit of the village employees.

■ Even if this Court accepted plaintiff's construction of § 8.04, however, a right to a hearing in itself does not provide plaintiff with any expectation of continued employment. Plaintiff confuses her alleged right (to continuing employment) with her asserted remedy (a hearing). " 'Property' cannot be defined by the procedures provided for its deprivation...." *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 541, 105 S.Ct. 1487, 1493, 84 L.Ed.2d 494 (1985). It might be appropriate or wise to accord some form of hearing even to an "at will" employee. *See Board of Regents v. Roth,* 408 U.S. 564, 578–79, 92 S.Ct. 2701, 2709–10, 33 L.Ed.2d 548 (1972). But the question here is whether the constitution *requires* such a hearing. The fact that the city charter may provide a right to a hearing does not answer that question.

### III. *Conclusion*

This Court finds that there are no material issues of fact. As a matter of law, plaintiff has no contract with the Village of Oakwood, so plaintiff's claim for breach of contract must fail. Plaintiff also had no protected property right in her employment with Oakwood. Consequently, this Court must reject plaintiff's claim that she was deprived of "property" without procedural due process. For these reasons, this Court denies plaintiff's motion for summary judgment and grants defendants' motion for summary judgment. Judgment will be entered in favor of the defendants on all of plaintiff's claims.