DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, John Deadwyler ("Deadwyler"), appeals a judgment from the Summit County Court of Common Pleas, which granted Appellee's Civ.R. 12(C) motion for judgment on the pleadings. We affirm.
 I. {¶ 2} In September 2000, the Akron Board of Education ("the Board") hired Deadwyler to work under a statutory limited teaching employment contract. The Board advised Deadwyler that he was no longer needed effective February 23, 2001.
 {¶ 3} On April 22, 2002, Deadwyler filed a complaint, which states in relevant part:
"1. [Deadwyler] is an African American male and retired school teacher who was recently employed by the [Board] as an `alternative school' teacher from SEP 2000 until 23 FEB 2001.
"* * *
"6. [Deadwyler] was released from his said employment duties on or about 23 Feb 2001. [Deadwyler's] in effect termination was without just cause.
"* * *
"10. The conduct of [the Board], acting by and through its agents, amounts to retaliation in violation of Ohio public policy. * * *."
 {¶ 4} On the day of trial and prior to commencement of proceedings, the Board moved for judgment on the pleadings pursuant to Civ.R. 12(C) or, in the alternative, for a dismissal pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief could be granted. During the hearing, the Board stated:
"* * * there is a verification of the board action that occurred on the 28th of August, 2000, employing Mr. Deadwyler as a special projects teacher. * * * Your Honor, on the face of the document, which is one of the exhibits that both plaintiff and defendant have exchanged, it specifies that it was a one-year employment arrangement."
 {¶ 5} When the trial court asked for a copy of the contract, Plaintiff's Exhibits 1 and 2 were produced. The record is silent regarding exactly what those exhibits contained, however, the trial court stated of them:
"[T]his is clearly a limited contract of employment between the Board of Education and John Deadwyler to perform services as a teacher. It says here as needed, against the hourly rate, and it gives the hourly rate; a maximum 15 hours per week, and the effective dates, the date that it was authorized by the Board of Education, and it certainly appears to meet all the requirements of 3319.08. It is in writing."
 {¶ 6} Later, the trial court said, "Well, Plaintiffs Exhibit 1 provides the job assignment * * * as needed * * * effective from 9-5-2000 through 6-8-2001."
 {¶ 7} Both sides stipulated to Deadwyler's Exhibits 1 and 2 and that the exhibits were part of the motion. The Board argued that Deadwyler was employed under an acknowledgement of employment, which constituted a contract, pursuant to R.C. 3319.08 and, therefore, Deadwyler could not file a cause of action based upon discharge in violation of public policy. The Board further claimed that Deadwyler's only remedy lies in a breach of contract action pursuant to R.C. 3319.16
and R.C. 3319.161. Deadwyler responded that if a contract existed, it was for at-will employment, and therefore Deadwyler is permitted to bring a common law cause of action for employment discharge in contravention of public policy.
 {¶ 8} The trial court asked for written motions and briefs regarding judgment on the pleadings as well as addressing a dismissal under Civ.R. 12(B). The Board's brief reiterated the arguments made before the court and also contained an appendix of evidentiary documents. In Deadwyler' response, he posited that in either a Civ.R. 12(C) or Civ.R. 12(B)(6) motion, the court is restricted to reviewing the pleadings and the consideration of evidence outside the pleadings is improper.
 {¶ 9} On May 2, 2003, the trial court granted the Civ.R. 12(C) motion, stating that:
"[Deadwyler] was a statutory contract employee subject to the requirements of R.C. 3319 and not a common law `at-will' employee. Accordingly [Deadwyler] can not pursue a common law public policy tort exception claim."
 {¶ 10} The order indicates that the trial court "[reviewed] both the Complaint of [Deadwyler] and the Answer of [the Board]" and found the issue to be purely a question of law. The trial court further stated that the Board executed a resolution hiring Deadwyler on an "as needed basis" and sent a letter containing an employment offer to Deadwyler. The trial court found that a contract was executed upon Deadwyler's acceptance of the employment, and the contract was supported by consideration. The trial court further stated that:
"By [Deadwyler's] own pleading, he admits he was employed by an Ohio Public School Board. This combined with [the Board's] Answer that [Deadwyler] was employed pursuant to a a written limited contract pursuant to R.C. 3319.08, which is their only source of authority to hire teachers, can only lead to one conclusion of law."
 {¶ 11} Deadwyler timely appealed and raises two assignments of error. We rearrange assignments of error for ease of discussion.
 II. Assignment of Error No. 2
"The trial court prejudicially erred when it granted the appellee's motion for judgment on the pleadings pursuant to Civil Rule 12(C) as a matter of the pleadings and the law."
 {¶ 12} In this assignment of error, Deadwyler argues that it was improper, on a Civ.R. 12(C) motion, to dismiss his claim when the dismissal is based upon R.C. 3319, which precludes a common law cause of action. The Board responded that as a limited contract employee, Deadwyler is subject to R.C. 3319.16 and, therefore, Deadwyler is precluded from filing a cause of action under a public policy exception to the at-will employment doctrine.
 {¶ 13} Employment at will is defined as "employment that is [usually] undertaken without a contract and that may be terminated at any time, by either the employer of the employee, without cause." Black's Law Dictionary (7th Ed.Rev. 1999) 545. The board of education of each school district shall enter into written contracts for the employment and reemployment of all teachers. R.C. 3319.08. R.C. 3319.16 governs the contract termination of teachers. See, e.g., State ex rel. Webb v. Bd. ofEdn. (1984), 10 Ohio St.3d 27; Coburn v. Greenfield Loc. Bd. of Edn.
(1980), 4th Dist. No. 398; Ritter v. Fairfield Local School Dist.
(1980), 4th Dist. No. 389.
 {¶ 14} Only an employee at will may bring a cause of action under the public policy exception to the at-will employment doctrine. Haynesv. Zoological Soc. of Cincinnati (1995), 73 Ohio St.3d 254, syllabus. In the absence of facts and circumstances which indicate that the agreement is for a specific term, an employment contract which provides for an annual rate of compensation, but makes no provision as to the duration of the employment, is terminable at will by either party. Henkel v.Educational Research Council of America (1976), 45 Ohio St.2d 249, syllabus.
 {¶ 15} Deadwyler was a teacher and was subject to a contract for his employment. Contrary to Deadwyler's arguments, the contract was not for at-will employment, because, as the trial court stated in the record, it was for a specific term: September 2000 until June 2001. See,Henkel, supra. Therefore, Deadwyler's remedy lies in contract subject to R.C. 3319.16, and not in a common law cause of action.
 {¶ 16} Deadwyler's second assignment of error is overruled.
 Assignment of Error No. 1
"the trial court prejudicially erred when it granted the appellee's motion for judgment on the pleadings pursuant to civil rule 12(C) as a matter of procedure."
 {¶ 17} In the first assignment of error, Deadwyler argues that the trial court improperly looked outside the pleadings at proffered evidence in determining its ruling on a 12(B)(6) and 12(C) motion to dismiss, specifically the documents attached to Appellant's written motion. The Board's motion for judgment on the pleadings and/or dismissal contained an appendix with a copy of board meeting minutes from August 28, 2000, and a letter from the Board to Deadwyler responding to concerns raised by Deadwyler regarding his dismissal.
 {¶ 18} "After the pleadings are closed but within such times as not to delay the trial, any party may move for judgment on the pleadings." Civ.R. 12(C). In ruling upon a motion under Civ.R. 12(C), the trial court is limited to the face of the pleadings on file with the court; it cannot be supported by facts outside the pleadings. Conant v. Johnson (1964),1 Ohio App.2d 133, 135.
 {¶ 19} Deadwyler is correct that extraneous evidence may not be considered to resolve a motion for judgment on the pleadings. In his complaint Deadwyler states he was a teacher and he was bringing a common law cause of action. As we determined in the second assignment of error, Deadwyler was not an at-will employee and his employment is governed by statute. Therefore, regardless of what evidence the trial court considered, Deadwyler cannot prevail on the motion when considering only his complaint.
 {¶ 20} Deadwyler's first assignment of error is overruled.
 III. {¶ 21} Deadwyler's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
Slaby, P.J. and Batchelder, J., concur.