[Cite as *Haven v. Lodi*, 2022-Ohio-3957.]

STATE OF OHIO        )              IN THE COURT OF APPEALS
                         )ss:          NINTH JUDICIAL DISTRICT
COUNTY OF MEDINA    )

BRET HAVEN                      C.A. No.      21CA0074-M

      Appellant

      v.                            APPEAL FROM JUDGMENT
                                ENTERED IN THE
VILLAGE OF LODI               COURT OF COMMON PLEAS
                                COUNTY OF MEDINA, OHIO
      Appellee               CASE No.    21 CIV 0298

DECISION AND JOURNAL ENTRY

Dated: November 7, 2022

CALLAHAN, Judge.

**{¶1}** Appellant, Bret Haven, appeals from the judgment of the Medina County Court of Common Pleas dismissing his amended complaint for failure to state a claim. For the reasons set forth below, this Court affirms.

I.

**{¶2}** In August 2015, Mr. Haven was hired by the village of Lodi ("Lodi") as a part-time police officer. Mr. Haven became a full-time police officer in March 2016. On February 10, 2021, the Chief of Police of Lodi recommended to the Mayor of Lodi, who is also the Village Council President, that Mr. Haven's employment with the Lodi police department be terminated. Lodi terminated Mr. Haven on February 20, 2021. The reason for his termination was that Mr. Haven was "'dishonest, unfair, having no respect for the rights of others, being rude, being insulting, [conduct unbecoming]'" when he issued a citation to a motorist who was "doing donuts with his car in a snowy parking lot at a trailer park[.]"

{¶3} Mr. Haven filed a complaint against Lodi alleging wrongful termination in violation of public policy. Lodi moved to dismiss the complaint for failure to state a claim, asserting that Mr. Haven's wrongful termination claim failed to satisfy the requisite clarity and jeopardy elements. In response to Lodi's motion to dismiss, Mr. Haven filed an amended complaint. Lodi filed a motion to dismiss the amended complaint for failure to state a claim, reasserting the arguments in its prior motion to dismiss and adding a new argument that Mr. Haven could not pursue a claim for wrongful termination in violation of public policy because he was not an at-will employee. The trial court scheduled a deadline for Mr. Haven to file a response. Prior to that deadline Mr. Haven moved for a sixty-day extension of the response deadline so that he could issue discovery to Lodi, which he asserted would render moot all the issues in the motion to dismiss. Lodi opposed the motion for extension, but the trial court granted Mr. Haven a sixty-day extension.

{¶4} Ten days before his response to Lodi's motion to dismiss was due, Mr. Haven moved for a second extension of the response deadline. He requested an additional 150 days to conduct depositions in follow-up to Lodi's discovery responses. Lodi opposed Mr. Haven's second extension request and Mr. Haven filed a reply. The deadline for Mr. Haven to oppose Lodi's motion to dismiss passed without him having filed a response brief. Eleven days after the briefing period closed, the trial court denied Mr. Haven's motion for a second extension and granted Lodi's motion to dismiss the amended complaint.

{¶5} Mr. Haven timely appealed, raising two assignments of error.

## II.

## ASSIGNMENT OF ERROR NO. 1

THE COURT OF COMMON PLEAS ERRED TO THE MATERIAL PREJUDICE OF [MR. HAVEN] WHEN IT GRANTED [LODI'S] OHIO CIVIL RULE

12(B)(6) MOTION AFTER ERRONEOUSLY CONSTRUING THE ALLEGATIONS IN THE AMENDED COMPLAINT AGAINST [MR. HAVEN] TO MAKE UNFOUNDED FACT INFERENCES AND ERRONEOUS CONCLUSIONS OF LAW FROM THE ALLEGATIONS THEREIN INCLUDING THAT [MR. HAVEN] WAS NOT AN AT-WILL EMPLOYEE ENTITLED TO PURSUE A *GREELEY* WRONGFUL DISCHARGE CLAIM.

**{¶6}** In his first assignment of error, Mr. Haven argues that the trial court erred in dismissing his amended complaint for failure to state a claim. We disagree.

**{¶7}** This Court reviews an order granting a Civ.R. 12(B)(6) motion to dismiss de novo. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, ¶ 5. A motion to dismiss under Civ.R. 12(B)(6) for failure to state a claim "is a procedural motion that tests the sufficiency of the plaintiff's complaint." *Pugh v. Capital One Bank (USA) NA*, 9th Dist. Lorain No. 20CA011643, 2021-Ohio-994, ¶ 7, citing *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992). A court may dismiss a complaint for failure to state a claim only when, having presumed that all factual allegations in the complaint are true and having made all reasonable inferences in favor of the plaintiff, it appears beyond a doubt that the plaintiff can prove no set of facts that would permit a recovery. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988); *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. However, "unsupported conclusions of a complaint are not considered admitted and are not sufficient to withstand a motion to dismiss." *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490 (1994). *Accord State ex rel. Yeager v. McCarty*, 9th Dist. Summit No. 29626, 2021-Ohio-2492, ¶ 5. A court's consideration of a Civ.R. 12(B)(6) motion to dismiss is limited to the complaint's factual allegations and any materials incorporated into the complaint. *King v. Semi Valley Sound, LLC*, 9th Dist. Summit No. 25655, 2011-Ohio-3567, ¶ 8. A "court may not assume as true or even

consider facts alleged in a party's brief or attachments thereto." *Phung v. Waste Mgt., Inc.*, 23 Ohio St.3d 100, 102 (1986).

{¶8}  Mr. Haven's amended complaint set forth a single count for wrongful discharge in violation of public policy.  As a general rule, Ohio follows the doctrine of employment at-will. *See Mers v. Dispatch Printing Co.*, 19 Ohio St.3d 100, 103 (1985).  However, in *Greeley v. Miami Valley Maintenance Contrs., Inc.*, 49 Ohio St.3d 228 (1990), the Ohio Supreme Court carved out a public policy exception to this rule: "Public policy warrants an exception to the employment-at-will doctrine when an employee is discharged or disciplined for a reason which is prohibited by statute." *Id*. at paragraph one of the syllabus.

{¶9}  A *Greeley* cause of action may only be brought by an at-will employee.  *Haynes v. Zoological Soc. of Cincinnati*, 73 Ohio St.3d 254 (1995), syllabus.  *Accord Deadwyler v. Akron Pub. Schools*, 9th Dist. Summit No. 21549, 2003-Ohio-7173, ¶ 14.  "The identifying characteristic of an employment-at-will relationship is that either the employer or the employee may terminate the employment relationship for any reason which is not contrary to law." *Haynes* at 258, citing *Mers* at paragraph one of the syllabus and *Boggs v. Avon Prods., Inc.*, 56 Ohio App.3d 67, 71 (12th Dist.1990).

{¶10}  "'[T]he [employment] relationship between a governmental employer an[d] employee is governed exclusively by statute or legislative enactment.'" *Evans v. Shawnee Twp. Bd. of Trustees*, 3d Dist. Allen No. 1-20-25, 2021-Ohio-1003, ¶ 9, quoting *Cobb v. Oakwood*, 789 F.Supp. 237, 240 (N.D.Ohio 1991).  The General Assembly has enacted statutes governing the employment of police chiefs and police officers by a village. *See* R.C. 737.15 to R.C. 737.171, R.C. 737.19.  R.C. 737.16 provides for the appointment of a police officer for a village and that the "officer[] shall continue in office until removed therefrom for the cause and in the manner

provided by [R.C. 737.19].” R.C. 737.19(B) sets forth the grounds and the procedure for suspension of a police officer by the marshal and provides for discipline or removal of a police officer by the mayor. A police officer may be suspended on the grounds of “incompetence, gross neglect of duty, gross immorality, habitual drunkenness, failure to obey orders given them by the proper authority, or for any other reasonable or just cause.” *Id.* The mayor inquires as to the above citied cause of the suspension and renders a judgment on the charges. *Id.* Should the charges be sustained, the mayor’s judgment “may be for the person’s suspension, reduction in rank, or removal from the department.” *Id.* The police officer may appeal the mayor’s judgment to the village’s legislative authority. *Id.* Based upon R.C. 737.16 and R.C. 737.19(B), a police officer employed by a village “cannot be removed at any time for any reason or no reason, as is the case with employment at[-]will.” *Compare Howell v. New Lebanon, Ohio*, 2d Dist. Montgomery No. 18323, 2000 WL 1726864, *2-3 (Nov. 22, 2000) (A village employee who filed a *Greeley* claim was not an employee at-will because the village charter “provide[d] particular bases for removal” of the employee and the employee could not be “removed at any time for any reason or no reason[.]”). Accordingly, a police officer appointed by the mayor of the village pursuant to R.C. 737.16 is not an at-will employee.

{¶11} In contrast to those statutes, R.C. 737.17 sets forth minimal requirements for the termination of a probationary village police officer. *See Klein v. Woodlawn, Ohio*, 1st Dist. Hamilton No. C-75308, 1976 WL 189728, *2 (May 17, 1976). Before a police officer can be finally appointed, the police officer must satisfactorily complete a continuous six-month probationary period. R.C. 737.17. At the end of the probationary period, the mayor may remove or finally appoint the police officer. *Id.* The decision to remove a probationary officer is solely that of the mayor; neither council nor the marshal are involved in this decision. *See Scarpelli v.*

*Put-in-Bay, Ohio*, 6th Dist. Ottawa No. OT-94-037, 1995 WL 386462, *3 (June 30, 1995); R.C. 737.17. *See also Bruns v. Chippewa Lake*, 9th Dist. Medina No. 02CA0110-M, 2003-Ohio-3144, ¶ 9-10. If the mayor chooses to remove the probationary officer, the statute does not afford any rights or procedures to a probationary village police officer for a hearing. *See Barnes v. Cadiz*, 7th Dist. Harrison No. 01 531 CA, 2002-Ohio-1534, ¶ 12; *Klein* at *2. Unlike a finally appointed police officer, a probationary police officer lacks the "right[] to be terminated for cause" and a probationary police officer has no "property interest in their employment." *Barnes* at ¶ 12. Thus, a probationary police officer under R.C. 737.17 is an at-will employee. *Id.* at ¶ 13.

{¶12} The trial court, after construing the allegations in the amended complaint to be true and making all reasonable inferences in favor of Mr. Haven, granted Lodi's motion to dismiss the amended complaint for failure to state a claim because it concluded that Mr. Haven could not be an at-will employee. "An essential element of the [*Greeley*] tort is that the employee was an at-will employee." *Potts v. Catholic Diocese of Youngstown*, 159 Ohio App.3d 315, 2004-Ohio-6816, ¶ 29 (7th Dist.). Accordingly, a plaintiff pursuing a claim for wrongful discharge in violation of public policy must plead and prove that he was an at-will employee. *Strausbaugh v. Ohio Dept. of Transp.*, 150 Ohio App.3d 438, 2002-Ohio-6627, ¶ 36 (10th Dist.).

{¶13} Mr. Haven argues that he did plead that he was an at-will employee, but the trial court "refused to take the pleadings as truthful." Mr. Haven's amended complaint alleged he "was an employee at will, which means he could not be fired for an illegal reason including a violation of Ohio public policy * * *." Mr. Haven's allegation that he "was an employee at will[]" was an unsupported conclusion. "Conclusions in the complaint that are not supported by factual allegations in the complaint cannot be deemed admitted and are insufficient to withstand a motion to dismiss." *State ex rel. Yeager*, 2021-Ohio-2492, at ¶ 5. As set forth in the following analysis,

Mr. Haven failed to plead factual allegations in support of his conclusion that he was an employee at-will. Rather, his factual allegations regarding his employment refuted his conclusion that he was an at-will employee.

{¶14} Mr. Haven suggests that the employee handbook supports his conclusion that he was an at-will employee. The employee handbook, however, was not attached to the amended complaint, nor was it referenced in the amended complaint. Instead, excerpts from the employee handbook and discovery responses related to the employee handbook were attached to Mr. Haven's motions for extension of time to respond to Lodi's motion to dismiss the amended complaint. However, the "court may not assume as true or even consider facts alleged in a party's brief or attachments thereto." *Phung*, 23 Ohio St.3d at 102. Rather, the court is limited to considering the factual allegations in the complaint and any attachments thereto. *See State ex rel. Fuqua v. Alexander*, 79 Ohio St.3d 206, 207 (1997). Because "[a] motion to dismiss must be decided only on the basis of the complaint[]" and Mr. Haven did not allege in the amended complaint that the employee handbook provided that Mr. Haven's employment was at-will, nor did he attach the employee handbook to his amended complaint, we cannot consider or assume as true Mr. Haven's new allegation that the employee handbook stated he was an at-will employee. *See Conrad v. Wooster Community Hosp.*, 9th Dist. Wayne No. 2553, 1990 WL 163860, *1-2 (Oct. 24, 1990) (holding that the trial court erred when it granted a motion to dismiss because it considered the employee handbook, which was not attached to the complaint, to determine that the employee was at-will).

{¶15} Mr. Haven's amended complaint alleged that he was employed as a police officer for Lodi and Lodi is a statutory village. The amended complaint alleged that Mr. Haven was hired as a part-time police officer in August 2015 and was made a full-time police officer in March 2016.

Mr. Haven also alleged that his employment was terminated on February 20, 2021 through the actions of the police chief, mayor, and the council of Lodi. Mr. Haven alleged the grounds for his termination were that he was "'dishonest, unfair, having no respect for the rights of others, being rude, being insulting, [conduct unbecoming]'" during a traffic stop.

{¶16} Based upon Mr. Haven's allegations, Lodi, as a statutory village, is "bound by the provisions of the Ohio Revised Code[,]" *see Bruns*, 2003-Ohio-3144, at ¶ 6, and Mr. Haven was a governmental employee whose employment was governed by statute, *Evans*, 2021-Ohio-1003, at ¶ 9, quoting *Cobb*, 789 F.Supp. at 240. While the amended complaint did not explicitly state whether Mr. Haven was a probationary or finally appointed police officer for Lodi, there were factual allegations that he was hired by Lodi as a part-time police officer, six months later he was made a full-time police officer, and his termination occurred almost five years later. Further, Mr. Haven's allegations that he was terminated by the actions of the police chief, mayor, and council and that his termination was based upon him being "'dishonest, unfair, having no respect for the rights of others, being rude, being insulting, [conduct unbecoming]'" during a traffic stop support the conclusion that he was removed from office for cause and pursuant to the procedures in R.C. 737.19 as is required by R.C. 737.16 for a finally appointed police officer, and that he was not terminated pursuant to R.C. 737.17 which governs probationary police officers.

{¶17} Construing the factual allegations as true and making all reasonable inferences in favor of Mr. Haven, Mr. Haven was not a probationary police officer under R.C. 737.17 and subject to removal for any reason; rather, he was a finally appointed police officer whose employment was governed by R.C. 737.16 and R.C. 737.19 and subject to removal only for cause. Therefore, as a matter of law, Mr. Haven was not an at-will employee and a cause of action under *Greeley* was unavailable to him. *See Barnes*, 2002-Ohio-1534, at ¶ 12-14; *Howell*, 2000 WL 1726864, at *3.

{¶18} Mr. Haven asserts that the trial court erred in considering whether he was a probationary police officer at the time of his termination because that fact has no relevance to the case. On the contrary, Mr. Haven's status as a probationary police officer when he was terminated is not only relevant, but dispositive of the issue of whether he was an at-will employee and stated a claim for wrongful discharge in violation of public policy. *See Barnes* at ¶ 13-14 (Pursuant to R.C. 737.17 a probationary police officer is an at-will employee, and a probationary police officer may have a *Greeley* cause of action.).

{¶19} Mr. Haven argues that the trial court incorrectly interpreted and relied upon R.C. 737.16 and R.C. 737.19 to grant Lodi's motion to dismiss. Namely, Mr. Haven asserts that neither R.C. 737.16 or R.C. 737.19 create a property right in a village police officer's employment because these statutes do not provide the police officer with tenure and thus village police officers are at-will employees. Mr. Haven suggests that village police officers are members of the unclassified civil service because village employees are not considered classified public employees and "R.C. 737.19 does not promise any employee will only be terminated for good cause," but only sets forth a routine procedure for a police chief to discipline a police officer.

{¶20} The issue of whether an employee has a property right in his or her continued employment is relevant to whether the employee has any due process rights with respect to termination of their employment. *See Cleveland Bd. of Edn. v. Loudermill*, 470 U.S. 532, 538-539 (1985). Lodi urges this Court to find Mr. Haven's tenure argument to be irrelevant in this matter because his amended complaint did not allege a cause of action for deprivation of his due process rights. We agree Mr. Haven has not pursued a due process claim in his amended complaint. Moreover, he is not arguing on appeal that his due process rights were violated. Instead, we understand Mr. Haven's tenure argument to be limited to the position that village police officers

are at-will employees because R.C. 737.19 does not provide a property interest in continued employment. *See generally Schmidt v. Newtown*, 1st Dist. Hamilton No. C-110470, 2012-Ohio-890, ¶ 8 ("At-will employees * * * do not have a property interest in continued employment.").

{¶21} Mr. Haven asserts that R.C. 737.19 is not equivalent to the civil service statutes governing termination of public employees. We recognize that R.C. 124.34 pertains to civil service employees, but does not apply to village employees. *State ex rel. Henderson v. New Richmond, Ohio*, 12th Dist. Clermont No. CA2019-11-089, 2020-Ohio-4875, ¶ 31. However, "[c]ourts have analogized the language in R.C. 737.19 governing the termination of village police officers to R.C. 124.34 which governs the tenure, reduction, suspension, removal, and demotion of classified civil servants." *Velazquez v. Bratenahl*, 8th Dist. Cuyahoga No. 81592, 2003-Ohio-878, ¶ 14, citing *Shaffer v. W. Farmington*, 82 Ohio App.3d 579, 587 (11th Dist.1992) and *Stephen v. Barnesville, Ohio*, 7th Dist. Belmont No. 97 BA 12, 1999 WL 669491, *3 (Aug. 20, 1999). R.C. 737.16 states that the village police officer "shall continue in office until removed therefrom for the cause and in the manner provided by [R.C. 737.19]." R.C. 737.19(B) governs the termination of village police officers and provides that they "may *only* be terminated for '* * * incompetence, gross neglect of duty, gross immorality, habitual drunkenness, failure to obey orders given them by proper authority, or for any other reasonable or just cause.'" (Emphasis added.) *Velazquez* at ¶ 13, quoting R.C. 737.19(B). Accordingly, courts have held that "[o]n its face, R.C. 737.19(B) bears a strong resemblance to the police and fire department civil service appeal provisions found at R.C. 124.34." *Shaffer* at 587. For instance,

> R.C. 124.34 lists grounds for suspension, removal or reduction in rank as including "incompetency, inefficiency, dishonesty, drunkenness, immoral conduct, insubordination, discourteous treatment of the public, neglect of duty, * * * any other failure of good behavior, or any other acts of misfeasance, malfeasance or nonfeasance in office."

Moreover, the role of the "appointing authority" (which is frequently a city's mayor) is similar to the role the village marshal and village mayor play in an R.C. 737.19(B) appeal. The analogy continues with the city's civil service commission serving in the quasi-judicial capacity which the village's legislative authority fulfills in an R.C. 737.19(B) appeal.

*Id.* at 587, fn. 1.

{¶22} "In *Loudermill,* the United States Supreme Court held that R.C. 124.34 creates a property interest in continued employment for classified civil servants because such employees can only be terminated for cause." *Velazquez* at ¶ 14, citing *Loudermill* at 538-539. Likewise, R.C. 737.19 creates a property interest in continued employment for a village police officer because village police officers can be terminated "only for just or reasonable cause[]" under R.C. 737.19(B). *Velazquez* at ¶ 14. *See also* R.C. 737.16. Accordingly, Mr. Haven's position that village police officers are employees at-will because R.C. 737.16 and R.C. 737.19 do not provide a property interest in continued employment is not well-taken.

{¶23} Mr. Haven also submits that village police officers are employees at-will because a village may terminate the police officers for economic reasons. His argument suggests that village police officers are at-will employees because they may be terminated for reasons other than cause under R.C. 737.19 The Ohio Supreme Court has "concluded that public employees may be laid-off for reasons of economy 'notwithstanding statutory or charter provisions to the effect that no employee in the classified service shall be removed except for cause * * *, the view * * * being that such statutory or charter provisions * * * are not intended to restrict the public authorities in their efforts to effect necessary or desirable economies.'" (Alterations in the original.) *Gannon v. Perk*, 46 Ohio St.2d 301, 312-313 (1976), quoting *State ex rel. Buckman v. Munson*, 141 Ohio St. 319, 326 (1943). Neither *Gannon* nor *Munson* hold that a public employee who, by statute, may

only be removed for cause is in-fact an employee at-will because the government is permitted to lay off a civil service employee for economic reasons.

{¶24} Lastly, Mr. Haven argues that R.C. 737.19 only creates a scheme for the police chief of the village police department to discipline a police officer for cause and there is not a judicial remedy nor an adequate or exclusive remedy providing for recovery of damages. This argument addresses the jeopardy element in a *Greeley* cause of action. *See House v. Iacovelli*, 159 Ohio St.3d 466, 2020-Ohio-435, ¶ 16, 19. While Lodi argued in its motion to dismiss that the amended complaint failed to satisfy the jeopardy element, the trial court did not grant the motion to dismiss on that basis. Accordingly, we will not address this argument in the first instance. *See Carriage Ins. Agency, Inc. v. Ohio Farmers Ins. Co.*, 9th Dist. Summit No. 27259, 2015-Ohio-2617, ¶ 12.

{¶25} Upon review of Mr. Haven's amended complaint, and presuming all factual allegations as true and construing the reasonable inferences in Mr. Haven's favor, Mr. Haven has failed to state a claim upon which relief may be granted. Accordingly, we conclude that the trial court did not err in dismissing Mr. Haven's amended complaint pursuant to Civ.R. 12(B)(6).

{¶26} Mr. Haven's first assignment of error is overruled.

### ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT ABUSED ITS DISCRETION IN NOT GRANTING [MR. HAVEN] A SECOND EXTENSION OF TIME TO FILE A BRIEF IN OPPOSITION TO [LODI'S] CIVIL RULE 12(B)(6) MOTION AND TO TAKE ADDITIONAL DISCOVERY WHEN THE EXTENSION WAS SOUGHT BECAUSE OF EVASIVE DISCOVERY RESPONSES MADE BY THE OPPOSING PARTY IN FIRST ROUND DISCOVERY.

{¶27} In his second assignment of error, Mr. Haven argues that the trial court abused its discretion when it denied his motion for a second extension of time to file a response to Lodi's motion to dismiss and to conduct additional discovery. Alternatively, Mr. Haven argues that it

was an abuse of discretion for the trial court to deny his second motion for extension and to grant Lodi's motion to dismiss in the same order and not allow him two weeks to file a response brief. We disagree with both arguments.

{¶28} We review a trial court's decision denying a motion for extension of time to respond to a motion for an abuse of discretion. *GMAC Mtge., L.L.C. v. Jacobs*, 196 Ohio App.3d 167, 2011-Ohio-1780, ¶ 7 (9th Dist.) *See* Civ.R. 6(B). "[A] trial court has the inherent power to conduct discovery as it deems appropriate[.]" *Riggs v. Richard*, 5th Dist. Stark No. 2006CA00234, 2007-Ohio-490, ¶ 15. Thus, a trial court's decision regarding the regulation of discovery proceedings is reviewed for an abuse of discretion. *See Wells Fargo Bank, NA v. Russell*, 9th Dist. Summit No. 29005, 2019-Ohio-776, ¶ 18. An abuse of discretion is present when a trial court's decision "'is contrary to law, unreasonable, not supported by evidence, or grossly unsound.'" *Menke v. Menke*, 9th Dist. Summit No. 27330, 2015-Ohio-2507, ¶ 8, quoting *Tretola v. Tretola*, 3d Dist. Logan No. 8-14-24, 2015-Ohio-1999, ¶ 25.

{¶29} Mr. Haven submits that his second motion for extension of time to respond to Lodi's motion to dismiss was based upon Lodi's evasive discovery responses. Mr. Haven asked the trial court for an additional 150 days to conduct discovery and to take depositions regarding a variety of issues, including his status as an at-will employee, which he asserted was a key dispositive issue to the motion to dismiss. Mr. Haven indicated to the trial court that Lodi perjured itself when it responded to the request for admission with a denial that he was an at-will employee and that depositions were needed as to this issue. Mr. Haven did not present any other bases for his second request for extension of time to respond to Lodi's motion to dismiss.

{¶30} Mr. Haven asserts that the trial court's denial of the discovery motion and the second motion for extension of time to respond to the motion to dismiss prevented him from

proving his claims. Mr. Haven has misconstrued the law regarding a motion to dismiss. A motion to dismiss "is a procedural motion that tests the sufficiency of the plaintiff's complaint." *Pugh*, 2021-Ohio-994, at ¶ 7, citing *State ex rel. Hanson*, 65 Ohio St.3d at 548. The Ohio Supreme Court has explained that review of a motion to dismiss for failure to state a claim is consistent with the notice pleading requirement. *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 144-145 (1991). A plaintiff need not "prove his or her case at the pleading stage." *Id*. at 145. Rather, "as long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." *Id*.

{¶31} In this matter, the trial court denied the second motion for extension of time because "[n]o amount of discovery can cure [Mr. Haven's] own factual assertions contradicting and refuting the requirement that [he] be an at-will employee to be entitled to pursue [a *Greeley*] cause of action." Mr. Haven asserts that the trial court abused its discretion in reaching that conclusion. As addressed in the first assignment of error, Mr. Haven's factual allegations did not support the legal conclusion that he was an at-will employee. Additional discovery cannot remedy these pleading deficiencies.

{¶32} Appellate courts in Ohio have concluded that discovery is unnecessary for a trial court to decide a motion to dismiss for failure to state a claim upon which relief can be granted. *Wiles v. Miller*, 10th Dist. Franklin No. 12AP-989, 2013-Ohio-3625, ¶ 3, 44, quoting *Lindow v. N. Royalton*, 104 Ohio App.3d 152, 159 (8th Dist.1995). "The completion of discovery is not relevant to the granting of a motion to dismiss[,]" because the trial court's consideration of a motion to dismiss under Civ.R. 12(B)(6) is limited to the allegations and evidence contained in the complaint and precludes facts outside of the complaint. *See Lindow* at 159; *Crane Serv. & Inspections, LLC v. Cincinnati Specialty Underwriters Ins. Co.*, 12th Dist. Butler No. CA2018-01-003, 2018-Ohio-

3622, ¶ 33, citing *Lindow* at 159. *See Conrad*, 1990 WL 163860, at \*3 (noting that because a Civ.R. 12(B)(6) motion is based only on the complaint, discovery is of "no consequence until the disposition of the motion to dismiss"). Accordingly, we conclude that the trial court did not abuse its discretion in not allowing further discovery and in denying the second motion for extension of time to respond to the motion to dismiss.

{¶33} Alternatively, Mr. Haven asserts that if he could not have five months for further discovery and to file his response brief, the trial court should have given him at least two additional weeks to file his response brief. In this case, Mr. Haven filed his second motion for extension of time ten days prior to the response brief deadline. The trial court denied the second motion for extension and granted Lodi's motion to dismiss eleven days after Mr. Haven's response brief was due. While we recognize that the trial court's ruling on the second motion for extension after the expiration of the filing deadline placed Mr. Haven in a difficult predicament as to how to proceed, this Court has followed the rule of law that "a trial court's failure to rule gives rise to a presumption that the trial court has denied the motion." *See Jacobs*, 196 Ohio App.3d 167, 2011-Ohio-1780, at ¶ 9. A party "cannot rely upon the granting of such a motion and should proceed as if said motion had been denied when it is not promptly granted by the trial court." *Breeding v. Herberger*, 81 Ohio App.3d 419, 421 (10th Dist.1992). Mr. Haven did not proceed in this manner and the trial court granted the motion to dismiss after Mr. Haven's deadline to file his response had expired. *See Jacobs* at ¶ 9. Accordingly, it was not an abuse of discretion for the trial court to proceed to rule on Lodi's motion to dismiss after the briefing period had expired and without the benefit of a response brief from Mr. Haven.

{¶34} Furthermore, Mr. Haven's second request for an extension of time only requested an extension of 150 days for discovery and to file his response. He did not request an alternative

period of two weeks in the event the trial court denied his request for 150 days. Accordingly, we cannot say that the trial court abused its discretion when it did not provide Mr. Haven two additional weeks to file a response brief.

{¶35} Mr. Haven's second assignment of error is overruled.

### III.

{¶36} Mr. Haven's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

CARR, P. J.
SUTTON, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

MICHAEL T. CONWAY, Attorney at Law, for Appellant.

IRVING B. SUGERMAN and J. ALEX QUAY, Attorneys at Law, for Appellee.

DAVID SPORAR, Attorney at Law, for Appellee.