[Cite as *Anderson v. Bonnema*, 2026-Ohio-771.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

DOUGLAS ANDERSON

    Appellan

    v.

KEVIN BONNEMA, et al.

    Appellees

C.A. No.     25CA012203

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.     23CV209327

DECISION AND JOURNAL ENTRY

Dated: March 9, 2026

---

CARR, Presiding Judge.

{¶1} Plaintiff-Appellant Douglas Anderson appeals, pro se, the judgment of the Lorain County Court of Common Pleas. This Court reverses and remands the matter for proceedings consistent with this decision.

I.

{¶2} In May 2024, Mr. Anderson, appearing pro se, and Rock and Racing LLC filed a complaint against Defendants-Appellees Kevin Bonnema, Lorain County Speedway, Lori Bonnema Blume, Cara Bonnema, Randy Maggio, Denise Maggio, Raceway Concessions LLC, and Randy Maggio, Jr. The complaint essentially alleged that the Defendants illegally obtained the Lorain County Speedway and Rock and Racing LLC from Mr. Anderson.

{¶3} On May 21, 2024, several of the Defendants-Appellees filed a motion to dismiss or for a more definite statement. On June 10, 2024, Mr. Anderson filed what he labeled a "Revised Formal Complaint for a More Definite Statement[.]" That document listed only Mr. Anderson as

a Plaintiff.  On June 20, 2024, the same group of Defendants-Appellees moved to renew their prior motion to dismiss.  Mr. Anderson opposed the motion with two separate filings.

{¶4}    On December 30, 2024, the trial court granted the motion to dismiss concluding that the matter was barred by res judicata.  The trial court dismissed the complaint with prejudice.  Mr. Anderson has appealed, raising three assignments of error for our review.  Some of his arguments will be consolidated and addressed out of sequence to facilitate our analysis.  Defendants-Appellees have not filed a brief.  *See* App.R. 18(C).

II.

### ASSIGNMENT OF ERROR I

THE RULING IN FAVOR OF THE DEFENDANT[S'] MOTION TO DISMISS
FOR RES JUDICATA WAS AGAINST [CIV.R. 19.]

### ASSIGNMENT OF ERROR III

BY GRANTING PREJUDICE IN FAVOR OF DEFENDANTS ATTORNEY.
(SIC)

{¶5}    When taken together, Mr. Anderson essentially argues in his first and third assignments of error that the trial court erred in dismissing the complaint with prejudice on the basis of res judicata.

{¶6}    The group of Defendants-Appellees that filed the motion to dismiss did so pursuant to Civ.R. 12(B)(6).  "A motion to dismiss under Civ.R. 12(B)(6) for failure to state a claim is a procedural motion that tests the sufficiency of the plaintiff's complaint."  (Internal quotations and citations omitted.)  *Haven v. Lodi*, 2022-Ohio-3957, ¶ 7 (9th Dist.).  "A court's consideration of a Civ.R. 12(B)(6) motion to dismiss is limited to the complaint's factual allegations and any materials incorporated into the complaint.  A court may not assume as true or even consider facts alleged in a party's brief or attachments thereto."  (Internal quotations and citations omitted.)  *Id.*

And "while trial courts may take judicial notice of proceedings in the immediate case, they cannot take judicial notice of proceedings in other cases, even if the same judge presided or if the case involves the same parties." *State v. Boychi*, 2023-Ohio-3134, ¶ 15 (9th Dist.). Additionally, "it is generally inappropriate to grant a motion to dismiss based on res judicata because it is an affirmative defense." *State ex re. Gordon v. Summit Cty. Court of Common Pleas*, 2024-Ohio-3174, ¶ 5 (9th Dist.), quoting *State ex rel. Peterson v. Miday*, 2024-Ohio-2693, ¶ 13.

{¶7} Here, the motion to dismiss, which was later renewed by the group of Defendants-Appellees, argued only the following grounds for dismissal: (1) that the complaint was not in the proper form; (2) that the claim for fraud was impermissibly vague; and (3) that Mr. Anderson had previously initiated an action in another case rendering the instant matter "repetitive and frivolous[.]" Nowhere in the motion to dismiss or entry renewing the motion to dismiss did the group of Defendants-Appellees mention res judicata.

{¶8} "[O]ur judicial system relies on the principle of party presentation, and courts should ordinarily decide cases based on issues raised by the parties." *Epcon Communities Franchising, L.L.C. v. Wilcox Dev. Group, L.L.C.*, 2024-Ohio-4989, ¶ 15, citing *Greenlaw v. United States*, 554 U.S. 237, 243 (2008). The group of Defendants-Appellees that filed the motion to dismiss and later renewed it did not ask the trial court to dismiss the case on the basis of res judicata. Because the trial court nonetheless did so anyway, we conclude that the trial court erred. *See id.* at ¶ 16.

{¶9} Mr. Anderson's first and third assignments of error are sustained.

**ASSIGNMENT OF ERROR II**

SECTION 1925.05 SERVICE OF NOTICE FILING[.] (SIC)

{¶10}  Mr. Anderson appears to argue in his second assignment of error that the trial court erred in failing to notify him that one of the Defendants-Appellees was no longer represented by a particular attorney.  In light of our ruling on Mr. Anderson's other assignments of error, this assignment of error has been rendered moot, and we decline to address it.  *See* App.R. 12(A)(1)(c).

III.

{¶11}  Mr. Anderson's first and third assignments of error are sustained.  His second assignment of error is moot.  The judgment of the Lorain County Court of Common Pleas is reversed, and the matter is remanded for proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

DONNA J. CARR
FOR THE COURT

HENSAL, J.
CONCURS.

SUTTON, J.
DISSENTS.


APPEARANCES:

DOUGLAS ANDERSON, pro se, Appellant.

DAVID M. GAREAU, Attorney at Law, for Appellees.